■ In the Matter of JOHN P.R., Respondent, v TRACY A.R., Appellant. [786 NYS2d 877]—

Appeal from an order of the Family Court, Monroe County (Julie Anne Gordon, Referee), entered April 9, 2003. The order awarded sole custody of the children to petitioner and supervised visitation to respondent.

It is hereby ordered that the order so appealed from be and the same hereby is unanimously affirmed without costs.

Memorandum: Respondent appeals from an order modifying the parties' existing custody arrangement by awarding sole custody of the parties' children to petitioner and supervised visitation to respondent. Respondent contends on appeal only that she is entitled to joint custody with physical residence to petitioner and additional visitation. Although the Referee erred in failing to address the issue whether petitioner made the requisite showing of a change in circumstances "warranting a real need for change in order to insure the continued best interests of the children" (*Matter of Morgan v Becker*, 245 AD2d 889, 890 [1997]), we make our own finding that petitioner established the requisite change in circumstances (*cf. Marcantonio v Marcantonio*, 307 AD2d 740, 741-742 [2003]). The evidence presented at the hearing establishes that respondent was abusing drugs and alcohol from 1998 to 2000 and was recently diagnosed with bipolar disorder. Indeed, respondent testified at the hearing that she was not in a position to take custody of the children. Thus, the evidence is sufficient to establish the requisite change in circumstances. We further conclude that, contrary to respondent's contention, the award of sole custody to petitioner is in the children's best interests (*see generally Eschbach v Eschbach*, 56 NY2d 167, 172-174 [1982]). "The determination of the hearing court, which is in the best position to evaluate the character and credibility of the witnesses, must be accorded great weight . . . [and, here, the Referee] carefully weighed and considered the appropriate factors in determining that [sole] custody to [petitioner] was in the children's best interests" (*Matter of Paul C. v Tracy C.*, 209 AD2d 955, 956 [1994]; *see generally Matter of Louise E.S. v W. Stephen S.*, 64 NY2d 946, 947 [1985]). Present—Green, J.P., Scudder, Gorski, Lawton and Hayes, JJ.