■ In the Matter of CHARLES FISH, Respondent, v SHELBY S. FISH, Appellant. [952 NYS2d 842]—

Spain, J. Appeal from an order of the Family Court of Broome County (Pines, J.), entered May 3, 2011, which, among other things, granted petitioner's application, in a proceeding pursuant to Family Ct Act article 6, to modify a prior order of custody.

The parties are the parents of two sons (born in 1998 and 2005) who, pursuant to a custody order, were in the physical custody of respondent (hereinafter the mother). Petitioner (hereinafter the father) first sought a modification of the visitation provisions in that order and, after the mother engaged in erratic and violent behavior, custody of the children. Family Court granted temporary custody to the father, with the mother entitled to supervised visitation. Following a hearing on the modification petitions, Family Court made that arrangement permanent, and the mother now appeals.

Inasmuch as a sound and substantial basis in the record supports Family Court's determination, we affirm. Initially, Family Court failed to expressly find in its decision that circumstances had changed enough to warrant revisiting the existing custody arrangement but, "upon our independent review authority, we

find that the court's extensive factual findings are fully supported by the record and provide an ample basis for concluding that such a change in circumstances was proven here" (*Matter of Troy SS. v Judy UU.*, 69 AD3d 1128, 1130 [2010], *lv dismissed and denied* 14 NY3d 912 [2010]; *see Matter of John P.R. v Tracy A.R.*, 13 AD3d 1125, 1125 [2004]). Specifically, police became involved in a public dispute between the inebriated mother and her paramour in September 2010 and cited her for disorderly conduct. The mother continued to drink and, when police and a caseworker returned two hours later to check on the welfare of the children, she was incoherent, refused to allow them into her residence and struck one of them, resulting in her being charged with harassment and detained for a mental health evaluation. The caseworker thereafter learned that the mother often drank heavily around the children and, in fact, had recently driven drunk with them in her vehicle. The oldest son also reported that he had taken refuge with a neighbor during the mother's most recent drinking binge, and that she had tackled and injured him when he briefly returned home.

According great deference to Family Court's assessment of credibility (*see Matter of Coley v Sylva*, 95 AD3d 1461, 1462 [2012]), the foregoing evidence amply demonstrated a sufficient change in circumstances (*see Matter of John P.R. v Tracy A.R.*, 13 AD3d at 1125; *see also Matter of Martin v Mills*, 94 AD3d 1364, 1365-1366 [2012]; *Matter of Opalka v Skinner*, 81 AD3d 1005, 1005-1006 [2011]). When coupled with the lack of proof that the mother has adequately addressed her alcohol problem, as well as the stable environment provided for the children by the father, that evidence further supported Family Court's determination that the best interests of the children lie in an order of custody to the father and supervised visitation to the mother (*see Matter of Troy SS. v Judy UU.*, 69 AD3d at 1130-1133; *Matter of Kelley v VanDee*, 61 AD3d 1281, 1283 [2009]).

Rose, J.P., Lahtinen, Kavanagh and McCarthy, JJ., concur. Ordered that the order is affirmed, without costs.