■ In the Matter of James Kiernan, Appellant, v Kathleen Kiernan, Respondent. (And Another Related Proceeding.) [980 NYS2d 620]—

Egan Jr., J. Appeal from an order of the Supreme Court (Campbell, J.), entered October 12, 2012 in Cortland County, which, among other things, dismissed petitioner's application, in a proceeding pursuant to Family Ct Act article 6, to modify a prior order of custody.

Petitioner (hereinafter the father) and respondent (hereinafter the mother) are the parents of three children, the youngest of whom (born in 2002) is the subject of this proceeding. In August 2011, the parties entered into an open court stipulation, which subsequently was incorporated into their December 2011 judgment of divorce, providing for joint custody of the subject child with essentially equal parenting time. In October 2011, the mother became embroiled in a physical altercation with her boyfriend and, in the process of removing herself from that situation, was arrested for driving while intoxicated. Although the child was not present for this incident, a child protective services report was indicated against the mother for inadequate guardianship. Two months later, the mother, who worked for a cleaning service, became severely intoxicated while cleaning the residence of one of her clients and fell down a set of stairs. The child, who had accompanied the mother on the day in question, managed to take the mother's car keys away from her and called the father for help; eventually, law enforcement officials were able to locate the child and provide assistance. As a result of this incident, the mother was charged with endangering the welfare of a child and another indicated report was filed against her—this time for placing the child in imminent danger.

The father thereafter commenced a proceeding in Cortland County Family Court seeking to modify the prior custody arrangement. The mother answered and cross-petitioned for sole custody, and the proceedings were transferred to the IDV part of Supreme Court. Following a hearing and an in camera interview with the child, Supreme Court, among other things, dismissed the father's application, finding that he failed to demonstrate a sufficient change in circumstances to warrant modification of the agreed-upon custody arrangement. This appeal by the father ensued.

We reverse. "When parties enter into stipulations resolving custody issues, those stipulations will not be modified unless there is a sufficient change in circumstances since the time of the stipulation, and unless modification of the custody arrangement is in the best interests of the child[ ]" (*Mathie v Mathie*, 65 AD3d 527, 529 [2009] [internal quotation marks and citation omitted]; *accord Matter of DiCiacco v DiCiacco*, 89 AD3d 937, 937 [2011]; *see Matter of Smith v O'Donnell*, 107 AD3d 1311, 1312-1313 [2013]; *Matter of Greene v Robarge*, 104 AD3d 1073, 1075 [2013]). Here, although the father admittedly was aware of the mother's issues with alcohol at the time that he agreed to share custody with her, evidence of the mother's continuing and escalating problems in this regard, coupled with her subsequent alcohol-related arrests and the indicated child protective services reports, "was sufficient to constitute a change in circumstances requiring a review of the existing custody arrangement in order to determine whether [such arrangement] continued to be in the child's best interests" (*Matter of Martin v Mills*, 94 AD3d 1364, 1366 [2012]; *see Matter of Fish v Fish*, 100 AD3d 1049, 1050 [2012]). Accordingly, Supreme Court should have undertaken a best interests analysis. As the record before us is not sufficiently developed to permit us to make an independent determination in this regard, we remit this matter to Supreme Court for that purpose (*see Matter of Martin v Mills*, 94 AD3d at 1366). Upon remittal, and in light of the length of time that has elapsed, Supreme Court may "hear additional relevant evidentiary proof to assess the circumstances as they currently exist" (*id.*).

Lahtinen, J.P., McCarthy and Rose, JJ., concur. Ordered that the order is reversed, on the law, without costs, and matter remitted to the Supreme Court for further proceedings not inconsistent with this Court's decision.