■ In the Matter of JOAN LAWRENCE, Respondent, v DALE KOWATCH, Appellant. [989 NYS2d 526]—

Stein, J.P. Appeal from an order of the Family Court of Delaware County (Becker, J.), entered April 1, 2013, which granted petitioner's application, in a proceeding pursuant to Family Ct Act article 6, to modify a prior order of custody.

The parties are the parents of a daughter (born in 1999) and a son (born in 2001). In 2009, Family Court awarded respondent (hereinafter the father) sole custody of the children, with visitation to petitioner (hereinafter the mother), and this Court affirmed upon appeal (*Matter of Kowatch v Johnson*, 68 AD3d 1493 [2009], *lv denied* 14 NY3d 704 [2010]). The 2009 order was subsequently amended to permit the mother to attend medical appointments and educational conferences, but was otherwise left unchanged. In 2012, the mother commenced this proceeding for modification of the prior order, alleging that substance abuse and domestic violence between the father and his wife (hereinafter the stepmother) had escalated to the point that police involvement was required, the stepmother had driven with the children while "high," and the children had to be placed outside of the father's home. Following fact-finding and *Lincoln* hearings, Family Court granted the parties joint legal custody of the children, with primary residential custody

awarded to the mother and specified parenting time to the father. The father now appeals.

We affirm. A court-ordered investigation by the Delaware County Department of Social Services (hereinafter DSS) resulted in an indicated report for child maltreatment by the father and stepmother due to their substance and alcohol abuse, which—in the father's case—constituted a parole violation. In contrast, although DSS noted that the mother's history of alcohol abuse had resulted in multiple indicated reports against her involving the subject children and the mother's older children during the years 1997 to 2007, it found no current safety concerns with the mother's home. In addition, the mother had remarried and relocated to the children's hometown to be closer to them and to be within their current school district, and DSS concluded that the mother and her husband were committed to providing the children with a safe and stable environment. This evidence "demonstrated a sufficient change in circumstances reflecting a real need for change in order to insure the continued best interest[s] of the child[ren]" (*Matter of Gasparro v Edwards*, 85 AD3d 1222, 1223 [2011] [internal quotation marks and citation omitted]; *see Matter of Kiernan v Kiernan*, 114 AD3d 1045, 1046 [2014]).

Factors to be considered in determining whether a modification will serve the children's best interests include "the parents' ability to provide a stable home environment for the child[ren], the child[ren's] wishes, the parents' past performance, relative fitness, ability to guide and provide for the child[ren's] overall well-being, and the willingness of each parent to foster a relationship with the other parent" (*Bowman v Engelhart*, 112 AD3d 1187, 1187 [2013] [internal quotation marks and citations omitted]; *see Matter of Kowatch v Johnson*, 68 AD3d at 1495). Here, while the mother has struggled in the past with alcohol abuse and attempting to meet the children's emotional and educational needs (*Matter of Kowatch v Johnson*, 68 AD3d at 1495-1496), she has since remarried and is now able to provide the children with a safe, stable and nurturing home, and has become more engaged with the children's educational and medical needs. In contrast, as Family Court noted, the father's household had "descended into chaos" caused by alcohol and substance abuse, requiring both the intervention of DSS and voluntary placement of the children outside the home, and leading to the deterioration of the children's emotional health and relationship with the father and stepmother. Considering all the

circumstances,[1] and deferring to Family Court's credibility assessments (*see Bowman v Engelhart*, 112 AD3d at 1187-1188), we conclude that the court's decision is supported by a sound and substantial basis in the record.[2]

McCarthy, Garry, Lynch and Devine, JJ., concur. Ordered that the order is affirmed, without costs.

---

1. Family Court erred to the extent that it revealed the substance of the children's communications during the *Lincoln* hearing; "[a]bsent a direction to the contrary, the child[ren]'s right to confidentiality should remain paramount" (*Matter of Susan LL. v Victor LL.*, 88 AD3d 1116, 1119 n 4 [2011] [internal quotation marks and citations omitted]).

2. While not determinative, we note that the position advanced by the attorney for the children at the hearing and on appeal is in accord with Family Court's determination (*see Matter of Robert AA. v Colleen BB.*, 101 AD3d 1396, 1399 n 2 [2012], *lv denied* 20 NY3d 860 [2013]).