*State of New York*
*Supreme Court, Appellate Division*
*Third Judicial Department*

Decided and Entered: February 19, 2015        517660
_____

In the Matter of DEVON EE.,
    Alleged to be a
    Neglected Child.

SCHENECTADY COUNTY DEPARTMENT
   OF SOCIAL SERVICES,
                 Respondent;

EVELYN EE.,
              Appellant.         MEMORANDUM AND ORDER

(Proceeding No. 1.)
_____

In the Matter of AYESHA FF.,
              Respondent,

     v

EVELYN EE.,
              Appellant.

(Proceeding No. 2.)
_____

Calendar Date: January 8, 2015

Before: Peters, P.J., Lahtinen, McCarthy and Lynch, JJ.

_____

     Bruce E. Knoll, Albany, for appellant.

     Michael R. Godlewski, Schenectady County Department of Social Services, Schenectady, for Schenectady County Department of Social Services, respondent.

     Cynthia Feathers, Glens Falls, for Ayesha FF., respondent.

Alexandra Verrigni, Rexford, attorney for the child.

_____

Lahtinen, J.

Appeals (1) from an order of the Family Court of Schenectady County (Clark, J.), entered March 28, 2013, which (a) granted petitioner's application, in proceeding No. 1 pursuant to Family Ct Act article 10, to adjudicate respondent's child to be neglected, and (b) granted petitioner's application, in proceeding No. 2 pursuant to Family Ct Act article 6, for custody of the subject child, and (2) from an order of said court, entered August 22, 2013, which granted respondent visitation with the subject child.

Respondent (hereinafter the mother) is the mother of several children, none of whom are still entrusted to her care. The current proceedings involve Devon EE. (born in 2010). In the early morning hours of October 10, 2011, the mother was found allegedly highly intoxicated and passed out on a grassy area between a city street and sidewalk with the child crying in a stroller. The child was removed from her care and petitioner Schenectady County Department of Social Services (hereinafter DSS) commenced proceeding No. 1 alleging neglect. Shortly thereafter, in November 2011, the mother's sister, petitioner Ayesha FF. (hereinafter the aunt), who has custody of one of the mother's older children, commenced proceeding No. 2 seeking custody of Devon.

Following a fact-finding hearing, Family Court found that the mother had neglected the child. The court then held a dispositional hearing in which it considered the aunt's Family Ct Act article 6 petition for custody together with the Family Ct Act article 10 petition. Family Court found extraordinary circumstances and that it was in the child's best interests to award custody to the aunt. The mother was provided with weekly visitation and the right to receive information about the child.

The mother appeals.[1]

The mother argues that the evidence was insufficient to establish neglect. DSS was required to prove by a preponderance of the evidence "first, that a child's physical, mental or emotional condition has been impaired or is in imminent danger of becoming impaired and second, that the actual or threatened harm to the child is a consequence of the failure of the parent . . . to exercise a minimum degree of care in providing the child with proper supervision" (Nicholson v Scoppetta, 3 NY3d 357, 368 [2004]). Proof presented, which Family Court found credible, included testimony from a person who resided where the incident occurred. He recalled seeing the mother lying face down in his yard and hearing the child crying outside his house for about 45 minutes in a stroller located on the sidewalk. The police officer who responded found the mother slumped over the stroller and she smelled strongly of alcohol. Upon rousing the mother, she was agitated, incoherent and slurring her speech. She fought with police and fire department personnel and had to be handcuffed and then placed on a stretcher for transport to the hospital. The officer characterized the mother as highly intoxicated. The mother's effort to minimize or explain her condition was not credited by Family Court. Moreover, Family Court noted the mother's past mental illness and substance abuse issues, which had resulted in findings of neglect. There is a sound and substantial basis in the record for Family Court's neglect determination (see Matter of Wyatt YY. [Melissa OO.], 118 AD3d 1061, 1062 [2014]; Matter of Draven I. [Jenlyn I.], 86 AD3d 746, 747 [2011]; Matter of Kaleb U. [Heather V.-Ryan U.], 77 AD3d 1097, 1098 [2010]). As for the purported evidentiary errors at

_____

[1] We note that the attorney for the child submitted and referenced a subsequent Family Court decision and orders entered in November 2014 regarding, among other things, the mother's youngest child. The mother moved to strike such orders as well as the reference thereto. Although we deny the motion to strike since we can take judicial notice of subsequent Family Court orders (see e.g. Matter of Hannah U. [Patti U.], 110 AD3d 1258, 1260, n 5 [2013]), we nonetheless place no weight on such orders in our analysis herein.

the hearing, they were not preserved for review (see Matter of Kimberly Z. [Jason Z.], 88 AD3d 1181, 1184 [2011]; Matter of Darren HH. [Amber HH.], 68 AD3d 1197, 1198 [2009], lv denied 14 NY3d 703 [2010]).

Next, the mother contends that the aunt failed to establish extraordinary circumstances and thus it is error to award her custody. "Family Ct Act § 1055-b permits Family Court to award custody under Family Ct Act article 6 to a relative . . . as a dispositional option in a Family Ct Act article 10 proceeding when the court finds that (1) such an award is in the best interests of the child, (2) the safety of the child will not be jeopardized if the respondent in the article 10 proceeding is no longer under supervision or receiving services, (3) the award will provide the child with a safe and permanent home" and, as relevant here where the parent does not consent, (4) "the court finds that extraordinary circumstances exist" (Matter of Arlene Y. v Warren County Dept. of Social Servs., 76 AD3d 720, 720-721 [2010], lv denied 15 NY3d 713 [2010] [internal quotation marks and citations omitted]). The record confirms Family Court's findings that the mother had a long history of substance abuse and mental health issues, and she had failed to complete or continue treatment for such conditions. She had previously been the subject of indicated reports and neglect proceedings because of her problems with alcohol and mental health issues. Two of her older children had been removed from her custody. She disregarded medical advice by consuming alcohol while taking medication for epilepsy. She had a history of engaging in violent behavior, including in front of her children. She did not take responsibility for her actions, failed to follow through on services or treatment, and placed her own needs above the child's. One of her older children, a half sibling to Devon, has lived with the aunt for much of her life. The aunt has provided a stable home. According deference to Family Court's credibility determinations, the record fully supports the finding of extraordinary circumstances as well its determination that it is in the best interests of the child for the aunt to have custody (see Matter of Ettari v Peart, 110 AD3d 1256, 1257 [2013]).

The mother's remaining arguments, including her contention that she did not receive the effective assistance of counsel,

have been reviewed and lack merit.

Peters, P.J., McCarthy and Lynch, JJ., concur.


ORDERED that the orders are affirmed, without costs.




ENTER:

Robert D. Mayberger
Clerk of the Court