*State of New York*
*Supreme Court, Appellate Division*
*Third Judicial Department*

Decided and Entered:  July 16, 2015                    518757
_____

In the Matter of TAMMY DEMERS,
                    Respondent,

          v                                    MEMORANDUM AND ORDER

GREGORY McLEAR,
                    Appellant.

(And Three Other Related
Proceedings.)
_____

Calendar Date:  June 2, 2015

Before:  Peters, P.J., Lahtinen, Garry and Lynch, JJ.

                    _____


        Cynthia Feathers, Rural Law Center of New York, Albany, for
appellant.

        A. Michael Gebo, Ogdensburg, for respondent.

        William J. Galvin, Potsdam, attorney for the child.

                    _____


Garry, J.

        Appeal from a modified order of the Family Court of St.
Lawrence County (Morris, J.), entered March 7, 2014, which, among
other things, granted petitioner's applications, in two
proceedings pursuant to Family Ct Act article 6, to modify a
prior order of custody.

        Petitioner (hereinafter the mother) and respondent
(hereinafter the father) are the parents of a child (born in
2012) who has lived since birth with the mother.  In October
2012, an amended order was entered upon the consent of the

parties and the attorney for the child, providing for the parties to have joint legal custody with primary physical custody to the mother, and establishing a schedule for parenting time by the father, including specific periods to be supervised by the paternal grandmother, and some unsupervised periods. Thereafter, the mother commenced the current proceedings seeking to modify that order, in addition to violation proceedings. Following a hearing, Family Court dismissed the mother's violation petitions and granted her petitions for modification. The subject order grants the mother sole legal custody and establishes a limited schedule of parenting time for the father, subject to certain express conditions, including a direction that the father's other children shall not be present during these periods of time. The father appeals.

"It is well established that, upon a request for modification of a prior order, a threshold finding of a change in circumstances is required before the court may proceed to a best interests analysis" (Matter of Barbara L. v Robert M., 116 AD3d 1101, 1102 [2014] [citations omitted]). Here, although the custody order entered upon agreement of the parties is entitled to consideration in our analysis, "it is afforded less weight than a determination rendered after a full hearing" (Matter of Hetherton v Ogden, 79 AD3d 1172, 1174 [2010]; see Matter of Hayward v Thurmond, 85 AD3d 1260, 1261 [2011]). The mother testified that, on numerous occasions, the father did not have the child ready at pick-up time, refused to discuss with her matters related to the child's feeding, appropriate activities, visitation and diaper changes, used obscene expletives and hung up the phone on her. With due deference to Family Court's credibility assessments (see Matter of Deyo v Bagnato, 107 AD3d 1317, 1318 [2013], lv denied 22 NY3d 851 [2013]), we find that this testimony demonstrated the requisite change in circumstances by revealing that the relationship between the parties had deteriorated to the point that cooperation for the good of the child was not possible (see Matter of Sonley v Sonley, 115 AD3d 1071, 1072 [2014]).

We next review Family Court's determination that granting sole custody to the mother was in the child's best interests. A best interests determination requires consideration of several

factors which "include, among others, maintaining stability for the child[], the respective home environments, length of the current custody arrangement, each parent's relative fitness and past parenting performance, and willingness to foster a healthy relationship with the other parent" (Matter of Chris X. v Jeanette Y., 124 AD3d 1013, 1014 [2015] [internal quotation marks and citation omitted]; see Matter of Parchinsky v Parchinsky, 114 AD3d 1040, 1041 [2014]).  Here, the record reveals that the father has fundamental deficiencies in his parenting abilities, evidenced by several incidents in which he returned the child to the mother with a soiled diaper and rashes, as well as several occasions on which he failed to feed the child with the frozen breast milk provided by the mother for visitations.  On one occasion, the child was returned to the mother sick with a fever and, despite being advised of the child's condition, the father admittedly did not call during the course of the following week to learn how the child was doing.  Moreover, as further addressed below, the father admitted to a history of some inappropriate conduct, apparently arising from striking or otherwise engaging in some unspecified form of corporal punishment with one or more of his older children.  His testimony revealed that this conduct had resulted in an unspecified prior criminal conviction and probation, and an indicated child protective report (see Matter of Brown v Akatsu, 125 AD3d 1163, 1166 [2015]; Matter of Melissa K. v. Brian K., 72 AD3d 1129, 1131 [2010]).

We fully agree with Family Court's assessment that the record produced by the parties is scant as to a number of potentially pertinent factors.  Nevertheless, we find that the evidence was sufficiently developed to support the custody determination.  Several important factors were addressed and considered, including the mother's occupation as a registered nurse, the fact that the child has resided with the mother since birth, and her clear dedication to the child, as demonstrated in her testimony.  This is contrasted with the father's pattern of inattention to the child and admitted history of some manner of inappropriate physical conduct apparently involving discipline of his older children.  Accordingly, "[c]onsidering the record as a whole, we find a sound and substantial basis in the record for the court's award of sole custody to the mother" (Matter of Brown v Akatsu, 125 AD3d at 1166).

As the father argues upon appeal, there is a dearth of record evidence supporting the provision limiting all parenting time with the father to periods when the child's older half siblings are not present. Considering the father's testimony upon cross-examination admitting to some prior unspecified incidents apparently involving the corporal punishment of his older children, meaningful support was not wholly lacking. These prior incidents had resulted in the imposition of supervised visitation with the older children. However, there was no evidence produced to clarify or explain any detail or establish any of the circumstances underlying these admissions. No documents or other proof or testimony was offered or entered. The father testified that the restrictions that had previously been imposed had expired at the time of the hearing. Nothing more was revealed, and the underlying facts were left wholly undeveloped.

Despite the argument by the attorney for the child that limiting the father's time with this child to periods when the half siblings are not present will protect the child by allowing the father to focus on the child exclusively, the provision is troubling. The law strongly favors the development and encouragement of sibling bonds (see Matter of Crowder v Austin, 90 AD3d 753, 754 [2011], lv denied 18 NY3d 809 [2012]; Matter of Valenti v Valenti, 57 AD3d 1131, 1135 [2008], lv denied 12 NY3d 703 [2009]; compare Matter of Brown v Akatsu, 125 AD3d at 1166). The father's apparent history of inappropriate corporal punishment certainly raises issues of significant concern. Nonetheless, the issue is too poorly developed in the record to support the argument advanced by the attorney for the child. In essence, the argument is that allowing the children to be together in the father's company will result in an increased risk of danger to the child. Based upon this limited record, this assertion is unduly speculative. As a practical matter, this ruling deems any time spent with the half siblings to be detrimental to the child, and deprives the child of all contact with them. This result is notably at odds with established precedent and cannot be accepted, especially in the complete absence of proof that there are no possible circumstances in which — perhaps with assistance or supervision for the father — the children could be together without any resulting detriment to

the child.  Moreover, the record does not permit this Court to make an appropriate determination.  Accordingly, we remit to Family Court for further development of the evidence, and to fashion an appropriate order based upon what it may find to be the best interests of the subject child, with due regard for the encouragement of sibling relationships, to the extent possible (see Matter of Kiernan v Kiernan, 114 AD3d 1045, 1046 [2014]; Matter of Jodi S. v Jason T., 85 AD3d 1239, 1242-1244 [2011]).

Peters, P.J., Lahtinen and Lynch, JJ., concur.

ORDERED that the modified order is modified, on the law, without costs, by reversing so much thereof as prohibited respondent from having his older children present during his time with the subject child; matter remitted to the Family Court of St. Lawrence County for further proceedings not inconsistent with this Court's decision and, pending said proceedings, the visitation terms of said order shall remain in effect on a temporary basis; and, as so modified, affirmed.

ENTER:

Robert D. Mayberger
Clerk of the Court