*State of New York*
*Supreme Court, Appellate Division*
*Third Judicial Department*

Decided and Entered:  October 22, 2015                 519332
_____

In the Matter of THOMAS E.
    HROSTOWSKI,
                    Appellant,

        v                                    MEMORANDUM AND ORDER

HEATHER MICHA,
                    Respondent.
_____

Calendar Date:   September 15, 2015

Before:  Peters, P.J., Lahtinen, McCarthy and Lynch, JJ.

_____

Terrence R. Dugan, Endicott, for appellant.

Christopher Pogson, Binghamton, attorney for the child.

_____

Peters, P.J.

        Appeal from an order of the Family Court of Broome County
(Pines, J.), entered October 9, 2013, which dismissed
petitioner's application, in a proceeding pursuant to Family Ct
Act article 6, to modify a prior order of custody.

        Petitioner (hereinafter the father) and respondent
(hereinafter the mother) are the parents of a son (born in 2008).
In April 2010, they consented to an order providing for joint
legal custody of the child, with the mother having primary
physical custody and the father receiving parenting time on
alternate weekends and as otherwise agreed to by the parties.
Following the issuance of the order, the parties continued to
engage in a romantic relationship on an on-again-off-again basis
and, in March 2011, they began living together with the child.
Following their separation in August 2011, the parties filed a

series of petitions seeking to modify and/or hold the other in violation of the custody order. Insofar as is relevant here, the father sought sole custody of the child premised on allegations that the mother engaged in bizarre and inappropriate behavior, often as a result of her excessive alcohol consumption. Following a fact-finding hearing conducted over four separate days between December 2012 and August 2013, Family Court dismissed the father's modification petition, finding that the agreed-upon custody arrangement remained in the child's best interests.[1] The father appeals.

A party seeking to modify an existing custody arrangement must first demonstrate a change in circumstances since the entry of the prior order (see Matter of Demers v McLear, 130 AD3d 1259, 1260 [2015]; Matter of Hayward v Campbell, 104 AD3d 1000, 1000 [2013]; Matter of Clark v Ingraham, 88 AD3d 1079, 1079 [2011]). Initially, we note that the testimony concerning events that allegedly occurred prior to the 2010 custody order is not relevant to assessing whether this threshold showing has been met (see Matter of Bond v Bond, 93 AD3d 1100, 1101 [2012]; Matter of Bouwens v Bouwens, 86 AD3d 731, 732 [2011]; Matter of Fielding v Fielding, 41 AD3d 929, 930 [2007]). Focusing on the relevant proof, we find that the parties' disregard of the stipulated custody arrangement, together with the evidence of the mother's alcohol abuse and alcohol-related arrests following the issuance of such order, was "sufficient to constitute a change in circumstances requiring a review of the existing custody arrangement in order to determine whether it continued to be in the child's best interests" (Matter of Martin v Mills, 94 AD3d 1364, 1366 [2012]; see Matter of Chris X. v Jeanette Y., 124 AD3d 1013, 1014 [2015]; Matter of Lawrence v Kowatch, 119 AD3d 1004, 1005 [2014]; Matter of Kiernan v Kiernan, 114 AD3d 1045, 1046 [2014]; Matter of Fish v Fish, 100 AD3d 1049, 1050 [2012]; Matter of Kilmartin v Kilmartin, 44 AD3d 1099, 1101 [2007]).

---

[1] The other petitions were either withdrawn or dismissed by Family Court after separate hearings, and they are not the subject of this appeal. We note that, in resolving the father's modification petition, the court took judicial notice of the testimony offered in those proceedings.

Factors relevant to determining whether a modification will serve the child's best interests include "maintaining stability in [the child's] life, the quality of the respective home environments, the length of time the present custody arrangement has been in place, each parent's past performance, relative fitness and ability to guide and provide for [the child's] well-being, and the willingness of each parent to foster a relationship with the other parent" (Matter of Clouse v Clouse, 110 AD3d 1181, 1183 [2013], lv denied 22 NY3d 858 [2014]; see Matter of Colona v Colona, 125 AD3d 1123, 1125 [2015]; Matter of Chris X. v Jeanette Y., 124 AD3d at 1014). Although a stipulated custody arrangement is entitled to less weight than an order following a plenary hearing, it is still a factor to be considered in the analysis (see Matter of Demers v McLear, 130 AD3d at 1260; Heather B. v Daniel B., 125 AD3d 1157, 1159 [2015]). We accord great deference to Family Court's factual findings and credibility assessments and will not disturb its custodial determination if supported by a sound and substantial basis in the record (see Matter of Daniel TT. v Diana TT., 127 AD3d 1514, 1515 [2015]; Matter of Virginia C. v Donald C., 114 AD3d 1032, 1033 [2014]).

Here, the record reflects that both parents have at times exhibited poor judgment and engaged in inappropriate behavior. Testimony was presented that, on several occasions subsequent to the 2010 order, the mother appeared at the father's residence uninvited in an intoxicated state, with one such incident culminating in her arrest for disorderly conduct. She was also arrested for driving while intoxicated in October 2010 and convicted of obstructing governmental administration, as a result of which she was placed on probation supervision. The evidence further established that the mother and father engaged in verbal and physical disputes with one another, often as a result of alcohol, and that both were the subject of indicated reports based upon mutual acts of domestic violence in the presence of the child. While the father maintained that he was essentially blameless for the abuse and the problems in the parties' relationship, Family Court rejected his testimony as "simply not credible," while noting that the mother freely admitted her shared culpability in the ongoing domestic violence and was "refreshingly candid" as to all issues, including her "self-

destructive behavior."

The record also confirms that, in the years following the cessation of their tumultuous relationship, both parents have grown and matured and have become similarly situated in terms of the quality and stability of their lives. Both are self-employed and have resumed living with their respective parents, who provide a supportive environment and care for the child when the parents are working. As of the final hearing date, the mother had obtained a substance abuse evaluation, remained compliant with the terms of her probation and was a candidate for early release from supervision based on her good behavior. She had also demonstrated a willingness to foster the child's relationship with the father, to provide him with liberal access to the child and to facilitate such custodial time by providing transportation to and from visits. Faced with a difficult decision, Family Court affixed blame on both parties for their prior transgressions, found that each had made significant progress in dealing with their respective issues and improving their lives, and concluded that the child was benefitting under the present arrangement. Considering all of the circumstances and according deference to Family Court's credibility determinations (see Matter of Lawrence v Kowatch, 119 AD3d at 1005-1006), we find a sound and substantial basis for its determination that the father did not meet his burden of demonstrating that a modification of the prior custody order is necessary to ensure the child's best interests (see Matter of Clouse v Clouse, 110 AD3d at 1184; Matter of Hayward v Campbell, 104 AD3d at 1001).

One final matter warrants discussion. The mother's counsel, a privately retained attorney, failed to submit an answering brief on this appeal. Numerous attempts by this Court to ascertain when a brief would be forthcoming have gone unanswered.[2] We take this opportunity to note our disapproval of counsel's conduct on this appeal and to remind the bar that "the

_____

[2] This Court advised the mother that her retained counsel had failed to file a brief and requested that she contact the Court, but this entreaty likewise went unanswered.

failure to file a brief, or at least advise this [C]ourt of an answering party's position on appeal, may be considered tantamount to a concession that the relief sought on appeal should be granted" (Matter of Faith AA., 139 AD2d 22, 26 [1988]).

Lahtinen, McCarthy and Lynch, JJ., concur.

ORDERED that the order is affirmed, without costs.

ENTER:

Robert D. Mayberger
Clerk of the Court