■ In the Matter of JESSICA AA., Respondent, v THOMAS BB., Appellant. (Proceeding No. 1.) In the Matter of THOMAS BB., Appellant, v JESSICA AA., Respondent. (Proceeding No. 5.) (And Three Other Related Proceedings.) [56 NYS3d 622]—

Lynch, J. Appeal from an order of the Family Court of Fulton County (Skoda, J.), entered February 16, 2016, which, among other things, dismissed petitioner's application, in proceeding No. 5 pursuant to Family Ct Act article 6, to modify a prior order of custody.

Jessica AA. (hereinafter the mother) and Thomas BB. (hereinafter the father) are the parents of a child (born in 2009). In April 2014, Family Court entered an order granting the mother sole legal and physical custody of the child and awarding the father parenting time on alternate weekends and during certain school holidays (hereinafter the prior order). In September 2015, the mother filed a petition seeking to modify the prior order by suspending the father's parenting time during the pendency of an investigation by Child Protective Services (hereinafter CPS). The mother's request for a temporary suspension pending the application was denied. In October 2015, the father filed three petitions alleging that the mother violated the prior order and thereafter filed a petition to modify the prior order seeking full custody of the child. Following a hearing, Family Court dismissed both the mother's and the father's modification petitions, granted the father's violation petitions and awarded the father additional parenting time. The father now appeals the dismissal of his modification petition.

As the petitioning party, the father bore "the burden of demonstrating first, that there has been a change in circumstances since the prior order and, then, if such a change occurred, that

the best interests of the child would be served by a modification of that order" (*Matter of Thomas FF. v Jennifer GG.*, 143 AD3d 1207, 1208 [2016]). We find that Family Court properly determined that the father did not satisfy this burden.

The father's primary claim was that the mother refused to allow him to exercise his parenting time on three separate weekends. The mother conceded that she did not allow the child to visit with the father on three weekends during a period beginning in late September 2015 through early December 2015. We are mindful that a party's intentional interference with parenting time may constitute a change in circumstances that could warrant consideration of whether a modification would serve the child's best interests (*see Matter of Crystal F. v Ian G.*, 145 AD3d 1379, 1381-1382 [2016]). Here, the mother explained that she withheld visitation because the child informed her that certain conduct had occurred during his visit with the father and that she reported the conduct to CPS—which began an investigation in late September 2015 that was ultimately deemed unfounded in December 2015. She testified that in October 2015, she advised the father that she would allow the child to visit if he would agree to not shower or sleep with the child, not allow the child to watch R-rated movies nor allow the child to play adult video games. The mother did not let the father exercise his parenting time because he refused to agree to these terms. The father explained that, in response to the mother's request, he told her he "agreed to continue to raise and protect [the child] as [he] always [had]," but that he would not agree to her terms because the mother would "twist" his response to deem it an admission of the alleged conduct. It is not disputed that, during the pendency of the CPS investigation, the mother permitted the child to communicate regularly with the father via telephone and Skype.

Mindful that Family Court's credibility assessments and factual determinations are entitled to deference (*see Matter of Hrostowski v Micha*, 132 AD3d 1103, 1105 [2015]), we agree with the court's conclusion that the mother's CPS report and subsequent conduct was not intended solely to interfere with the father's parenting time. Further, the father's additional claims with regard to the mother's lack of stable housing were belied by the record and he admitted that his concerns with regard to the mother's lifestyle—which remained unchanged—were raised during the prior custody proceeding. Accordingly, there is a sound and substantial basis for Family Court's determination that the father did not establish a change in circumstances warranting consideration of whether modification

of the prior order would be in the child's best interests (*see Matter of Heasley v Morse*, 144 AD3d 1405, 1406-1407 [2016]; *Matter of Hrostowski v Micha*, 132 AD3d at 1106). As such, dismissal of the father's modification petitioner was proper.

Garry, J.P., Rose, Mulvey and Aarons, JJ., concur. Ordered that the order is affirmed, without costs.