Matter of Ayesha FF. v Evelyn EE. (2018 NY Slip Op 02374)





Matter of Ayesha FF. v Evelyn EE.


2018 NY Slip Op 02374


Decided on April 5, 2018


Appellate Division, Third Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered: April 5, 2018

523890

[*1]In the Matter of AYESHA FF., Respondent- Appellant,
v
EVELYN EE., Appellant- Respondent. ATTORNEY FOR THE CHILDREN, Appellant. (Proceeding Nos. 1, 2 and 3.) (And Two Other Related Proceedings.)
In the Matter of JODY CC., Respondent- Appellant,
v
EVELYN EE., Appellant- Respondent. ATTORNEY FOR THE CHILDREN, Appellant. (Proceeding No. 5.) (And Two Other Related Proceedings.)

Calendar Date: February 21, 2018

Before: McCarthy, J.P., Lynch, Devine and Pritzker, JJ.


Paul J. Connolly, Delmar, for appellant-respondent.
Alexandra G. Verrigni, Rexford, attorney for the children, appellant.
Karen R. Crandall, Glenville, for Ayesha FF., respondent-appellant.
Rebecca M. Bauscher, Schenectady, for Jody CC., respondent-appellant.


Lynch, J.

MEMORANDUM AND ORDER
Cross appeal from an order of the Family Court of Schenectady County (Powers, J.), entered September 6, 2016, which, among other things, partially granted petitioners' applications, in proceedings Nos. 1, 2, 3 and 5 pursuant to Family Ct Act article 6, to modify prior orders of visitation.
Respondent (hereinafter the mother) is the biological mother of the four children who are the subjects of these proceedings — Lilith EE. (born in 2005), Devon EE. (born in 2010), Karma EE. (born in 2013) and Aiden EE. (born in 2014). In previous proceedings, sole legal and physical custody of Lilith, Devon and Aiden was granted to petitioner Ayesha FF. (hereinafter the aunt), and sole legal and physical custody of Karma EE. was awarded to petitioner Jody CC. (hereinafter the friend) (Matter of Evelyn EE. v Ayesha FF., 143 AD3d 1120, 1124-1128 [2016], lv denied 28 NY3d 913 [2017]; Matter of Devon EE. [Evelyn EE.], 125 AD3d 1136, 1138 [2015], lv denied 25 NY3d 904 [2015]). With respect to each child, the mother was granted supervised visitation once per week for three hours in public venues (id.). In October 2015, the aunt — as to proceeding Nos. 1, 2 and 3 — and the friend — as to proceeding No. 5 — filed modification petitions seeking to terminate the mother's visitation with the children. They each also filed a family offense petition against the mother alleging harassment and disorderly conduct. After initially suspending visitation, Family Court adjusted the visitation schedule to once every other week pending a hearing, with visitations to take place in Albany County where the aunt and the friend reside. The mother resides in Schenectady County. The petitions were all consolidated for a hearing held over three nonconsecutive days from May 9, 2016 to August 31, 2016. Family Court granted the aunt's and the friend's separate family offense petitions, partially granted the respective modification petitions by reducing the mother's visitation to every other Saturday and entered orders of protection against the mother. The mother's enforcement petitions that were filed during the course of the hearing on August 8, 2016 were dismissed. The mother and the attorney for the children appeal, and the aunt and the friend cross-appeal.[FN1]
Even where, as here, there is a history of ongoing litigation, a party seeking to modify a prior order of visitation is required to show a change in circumstances since entry of the prior order that then, if shown, warrants a best interests review by Family Court (see Matter of Heasley v Morse, 144 AD3d 1405, 1406-1407 [2016]; Matter of Hrostowski v Micha, 132 AD3d 1103, 1104 [2015]). The parties and the court were aware of the mother's history of mental health issues and substance abuse when the prior orders were entered (see Matter of Evelyn EE. v Ayesha FF., 143 AD3d at 1125-1127; Matter of Devon EE. [Evelyn EE.], 125 AD3d at 1138)[FN2]. [*2]The record also indicates one key change arising from the prior custody orders in that the aunt and the friend assumed responsibility for supervising the weekly visitations, which it appears had previously been supervised at the Center for Community Justice in Schenectady County.
Both the aunt and the friend testified to a series of visitation events in which the mother's behavior may fairly be described as disruptive and inappropriate. They further asserted that the mother routinely missed visits, but Family Court found the record unclear as to which party was at fault. The court also recognized that the aunt often instigated the verbal confrontations, not the mother. Nonetheless, the record reveals that the mother has continued to exercise poor judgment in her behavior in front of the children and in her efforts to discipline them. Moreover, she threatened the aunt and the friend, thereby providing ample support for Family Court's finding that the mother committed the family offenses of harassment in the second degree and disorderly conduct (see Matter of Dawn DD. v James EE., 140 AD3d 1225, 1226-1227 [2016], lv denied 28 NY3d 903 [2016])[FN3]. This continued and exacerbated behavior established a change in circumstances warranting a best interests review by the court (see Matter of Dorsey v De'Loache, 150 AD3d 1420, 1421-1422 [2017]; Matter of Kiernan v Kiernan, 114 AD3d 1045, 1046 [2014]). To the extent that the mother contends that Family Court improperly considered matters that either predated the prior custody order or postdated the petitions, the mother's failure to object and her testimony and cross-examination of witnesses regarding these matters renders the issue unpreserved for our review (see Matter of Williams v Rolf, 144 AD3d 1409, 1410-1411 [2016]; Matter of Colleen GG. v Richard HH., 135 AD3d 1005, 1006-1007 [2016]).
"In crafting an appropriate parenting time schedule in the best interests of the children, Family Court is afforded broad discretion, and we will not disturb such determination unless it lacks a sound and substantial basis in the record" (Matter of Williams v Williams, 151 AD3d 1307, 1308-1309 [2017] [citations omitted]). By reducing the mother's visitation to once every two weeks, Family Court chose a reasoned option that balanced the mother's right to visitation against the children's right to protection from her demonstrated erratic behavior (see id. at 1308-1309; Matter of Jacob R. v Nadine Q., 141 AD3d 772, 773-774 [2016]; Matter of Sparbanie v Redder, 130 AD3d 1172, 1173 [2015]). In doing so, the court recognized that the aunt was also responsible for the continued hostility between the parties and that the children were attached to their mother.
We conclude, however, that in light of the mother's continued harmful behavior and disruptive altercations with the aunt and the friend, it is evident that having these custodians supervise visitation, regardless of frequency, is unworkable (see generally Matter of Merwin v Merwin, 138 AD3d 1193, 1194-1195 [2016]; Matter of Sparbanie v Redder, 130 AD3d at 1173; Matter of Fish v Fish, 112 AD3d 1161, 1163 [2013]). Recognizing the problem, Family Court extensively explored having a service provider supervise visitation, but without success. At this juncture, we conclude that the visitation should be held in a more controlled environment. Ideally, such a format would afford all parties the opportunity to de-escalate the hostilities between them while potentially providing the children with meaningful visitation with their mother. Because the record lacks sufficient information for this Court to fashion such a visitation arrangement, the matter must be remitted to Family Court (see Matter of Fish v Fish, 112 AD3d at 1163; cf. Matter of Kiernan v Kiernan, 114 AD3d at 1046).
Finally, having made no such request, the mother's assertion that Family Court erred by not holding a Lincoln hearing is unpreserved (see Matter of Colleen GG. v Richard HH., 135 AD3d at 1009).
McCarthy, J.P., Devine and Pritzker, JJ., concur.
ORDERED that the order is modified, on the law, without costs, by reversing so much thereof as permitted petitioners Ayesha FF. and Jody CC. to continue to supervise visitations between respondent and the subject children; matter remitted to the Family Court of Schenectady County for further proceedings not inconsistent with this Court's decision and, pending said proceedings, the visitation terms of said order shall remain in effect on a temporary basis; and, as so modified, affirmed.



Footnotes

Footnote 1: The mother does not address the dismissal of her enforcement petitions in her brief and has thus abandoned any claim concerning those petitions (see Matter of Owens v Chamorro, 114 AD3d 1037, 1038 n 1 [2014]).

Footnote 2: As to which prior orders governing visitation are at issue, the record indicates that the August 2013 order applies to Devon, the November 2014 order applies to Lilith and the March 2015 order applies to Karma and Aiden.

Footnote 3: The mother's appeal from the family offense petitions was not rendered moot upon the expiration of the order of protection (see Matter of Veronica P. v Radcliff A., 24 NY3d 668, 671 [2015]).