Matter of Johnson v Jimerson (2019 NY Slip Op 03186)





Matter of Johnson v Jimerson


2019 NY Slip Op 03186


Decided on April 26, 2019


Appellate Division, Fourth Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on April 26, 2019
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Fourth Judicial Department

PRESENT: SMITH, J.P., PERADOTTO, CARNI, LINDLEY, AND TROUTMAN, JJ.


376 CAF 17-01278

[*1]IN THE MATTER OF GERALD JOHNSON, PETITIONER-RESPONDENT,
v
NANCY JIMERSON, RESPONDENT-APPELLANT.
IN THE MATTER OF LUANA JIMERSON AND DANIEL JIMERSON, PETITIONERS-RESPONDENTS,
v
GERALD JOHNSON, RESPONDENT-RESPONDENT.
IN THE MATTER OF LUANA JIMERSON AND DANIEL JIMERSON, PETITIONERS-RESPONDENTS,
v
NANCY JIMERSON, RESPONDENT-APPELLANT. 






CHARLES J. GREENBERG, AMHERST, FOR RESPONDENT-APPELLANT.
JENNIFER PAULINO, BUFFALO, ATTORNEY FOR THE CHILD. 


 Appeal from an order of the Family Court, Erie County (Margaret A. Logan, R.), entered July 10, 2017 in proceedings pursuant to Family Court Act article 6. The order, inter alia, granted sole custody of the subject child to petitioner-respondent Gerald Johnson. 
It is hereby ORDERED that said appeal from the order insofar as it denied the petitions of petitioners Luana Jimerson and Daniel Jimerson is unanimously dismissed and the order is affirmed without costs.
Memorandum: Respondent mother appeals from an order that, inter alia, granted the petition of petitioner-respondent father to modify a prior custody order by awarding him sole custody of the subject child and denied the petitions of petitioners Luana Jimerson and Daniel Jimerson (maternal grandparents) for custody of the child. Initially, we conclude that the mother waived her contention that the father failed to establish a change in circumstances sufficient to warrant an inquiry into the best interests of the child inasmuch as she consented at trial to custody of the child being transferred to the maternal grandparents (see generally Matter of Rice v Wightman, 167 AD3d 1529, 1530 [4th Dept 2018]). In any event, the father made the requisite showing of a change in circumstances by establishing that the mother had an alcohol addiction, and that the child had been residing primarily with the maternal grandparents for approximately two years at the time of the trial in this matter (see Matter of John P.R. v Tracy A.R., 13 AD3d 1125, 1125 [4th Dept 2004]).
Finally, we dismiss the appeal from the order insofar as it denied the maternal grandparents' petitions because the mother is not aggrieved by that part of the order (see CPLR 5511; Matter of Davis v Delena, 159 AD3d 900, 901 [2d Dept 2018]).
Entered: April 26, 2019
Mark W. Bennett
Clerk of the Court