Matter of William V. v Bridgett W. (2020 NY Slip Op 02130)





Matter of William V. v Bridgett W.


2020 NY Slip Op 02130


Decided on April 2, 2020


Appellate Division, Third Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered: April 2, 2020

526820

[*1]In the Matter of William V., Appellant,
v
Bridgett W., Respondent. (And Four Other Related Proceedings.)

Calendar Date: February 20, 2020

Before: Clark, J.P., Mulvey, Aarons, Pritzker and Reynolds Fitzgerald, JJ.


Andrea J. Mooney, Ithaca, for appellant.
Freshfields Bruckhaus Deringer US LLP, New York City (Elena Hadjimichael of counsel), for respondent.
Pamela Doyle Gee, Big Flats, attorney for the children.



Reynolds Fitzgerald, J.
Appeal from an order of the Family Court of Chemung County (Baker, J.), entered May 14, 2018, which, among other things, dismissed petitioner's application, in a proceeding pursuant to Family Ct Act article 6, to modify a prior order of custody and visitation.
Petitioner (hereinafter the father) and respondent (hereinafter the mother) are the parents of two children (born in 2009 and 2012). It is undisputed that, prior to the proceedings herein, an order was issued granting the mother primary physical placement of the children and the father supervised visitation. In December 2013, the father filed a petition seeking to modify the order. After an appearance on the petition in February 2014, an order was entered awarding the father supervised visitation with the children. Shortly thereafter, the mother, without the court's permission, relocated with the children. In July 2014, after a court appearance at which the father, his attorney and the mother's attorney were present,[FN1] Family Court (Hayden, J.) awarded the father physical custody of the children with the provision that, once the father retrieved the children from Georgia and returned to New York, further proceedings would be held. However, the father did not attempt to retrieve the children from Georgia, and they remained in the mother's custody.[FN2] In August 2017, the mother filed a petition,[FN3] which Family Court (Baker, J.) deemed a relocation petition.
The father's original modification petition and the mother's relocation petition were the subjects of a fact-finding hearing, spread over several days, and a Lincoln hearing. Thereafter, Family Court dismissed the father's modification petition and granted the mother's petition, awarded the parties joint legal custody, with primary custody of the children to be with the mother in Georgia, and granted the father significant custodial periods with the children during the summer, Christmas and the children's spring school break. The father appeals contending that the record lacks a sound and substantial basis for the court's determination.
A parent seeking to modify a prior order of custody must first demonstrate that a change in circumstances has occurred since the entry thereof which, if established, then warrants an inquiry as to what custodial arrangement is in the children's best interests (see Matter of Fiacco v Fiacco, 158 AD3d 1011, 1012 [2018]; Matter of Emmanuel SS. v Thera SS., 152 AD3d 900, 901 [2017], lv denied 30 NY3d 905 [2017]). To the extent that Family Court failed to make an express finding that a change in circumstances occurred, its decision is replete with findings, supported by the record, for us to exercise our independent authority to review the record and make such finding (see Matter of Charles AA. v Annie BB., 157 AD3d 1037, 1038 [2018]). A parent's intentional interference with parenting time constitutes a change in circumstances (see Matter of Jessica AA. v Thomas BB., 151 AD3d 1231, 1232 [2017]). Ample evidence was presented that not only did the mother interfere with the father's parenting time, she denied the father any access to the children for approximately three years. The mother unilaterally relocated with the children, and she did not advise the father of the children's whereabouts or provide any contact or communication between the father and the children.
Having demonstrated a change in circumstances, the father must then demonstrate that modification of the underlying order is necessary to ensure the children's continued best interests (see Matter of Fiacco v Fiacco, 158 AD3d 1011 at 1012). Factors relevant to determining whether a modification will serve the children's best interests include the home environment of each parent, the relative fitness of the parents, each parent's past performance and his or her ability to provide for the children's overall well-being (see Matter of John VV. v Hope WW., 163 AD3d 1088, 1089 [2018]). Family Court performed such an analysis, finding that the father's household consists of 10 people, the children share a bed with another child and the father occasionally shares the bed with them. In addition, the father has an admitted history of domestic violence with the mother and he admitted to striking the oldest child in the face, causing a swollen lip,[FN4] spanking him and hitting one of the mother's other children. Although the mother's intentional interference in the father's relationship with the children per se raises a strong probability that she is unfit to act as the custodial parent (see Matter of Williams v Rolf, 144 AD3d 1409, 1413 [2016]), the father testified that he did not make any attempt to retrieve the children from Georgia because he did not have a driver's license.[FN5] Further, the father failed to proffer any reason for his failure to seek court assistance for the return of the children prior to the mother's petition in 2017. We agree with Family Court that, in these circumstances, awarding the father physical custody of the children is not in their best interests.
The father also contends that the record does not support Family Court's finding that relocation was in the children's best interests. Although the petitioner in a modification proceeding is required to establish both a change in circumstances and that a modification would be in the children's best interests, with regard to a relocation proceeding, "a relocation is accepted as a change in circumstances, requiring the parent seeking to move to demonstrate that relocating the children . . . is in [their] best interests" (Matter of Perestam v Perestam, 141 AD3d 757, 758 [2016] [internal quotation marks, brackets and citations omitted]). The relocating parent bears the burden of proving such by a preponderance of the evidence (see Matter of Tropea v Tropea, 87 NY2d 727, 741 [1996]). In making this determination, Family Court must consider a variety of factors, including each parent's reasons for seeking or opposing the move, the quality of the relationships between the children and the custodial and noncustodial parents, the impact of the move on the quantity and quality of the children's future contact with the noncustodial parent, the degree to which the custodial parent's and the children's lives may be enhanced economically, emotionally and educationally by the move and the feasibility of preserving the relationship between the noncustodial parent and the children through suitable custodial period arrangements (see Matter of Hoffman v Turco, 154 AD3d 1136, 1136-1137 [2017]).
The record supports Family Court's determination that the proposed relocation will be in the children's best interests.[FN6] The mother's boyfriend testified that he earns $80,000 per year. The mother testified that they have a four-bedroom house with a swimming pool, that the schools have programs to address the oldest child's special educational needs and that there are doctors and specialists to address the youngest child's special physical needs. The mother further testified that she is able to transport the children to and from school and is available throughout the day to care for the children. The mother additionally testified that the children are well-bonded to her other children and that she can provide a stable, calm, structured environment for the children. In contrast, the record shows that the father has a chaotic, crowded household and a history of domestic violence, most notably in using corporal punishment against the children. Finally, the custodial schedule fashioned by Family Court will serve to preserve the father's ability to have a meaningful relationship with the children. In our view, after affording Family Court the deference on credibility issues to which it is entitled, a sound and substantial basis exists in the record to support its determination that granting the mother's relocation petition is in the children's best interests (see Matter of Adam OO. v Jessica QQ, 176 AD3d 1418, 1420 [2019]).
Clark, J.P., Mulvey, Aarons and Pritzker, JJ., concur.
ORDERED that the order is affirmed, without costs.



Footnotes

Footnote 1: The mother and the children were noted to be residing in Georgia.

Footnote 2: The record discloses that the only attempt that the father made at retrieving the children occurred in the summer of 2017, when he attempted to forcibly remove them from the mother's custody while the mother and the children were camping in nearby Pennsylvania.

Footnote 3: The mother subsequently filed three violation petitions.

Footnote 4: It is notable that the father hit the oldest child while the case was pending before Family Court,after proof was closed in the case, but before the order was issued. The mother filed an emergency petition and Family Court reopened the proof. The court found the allegations of corporal punishment were "readily sustained."

Footnote 5: Although the father unsuccessfully attempted to retrieve the children in July 2017 while they were camping in Pennsylvania and he was without a driver's license, this attempt resulted in police intervention.

Footnote 6: We note that the attorney for the children in Family Court argued that it was in the children's best interests "to be in the care and custody of the[] father." However, the attorney for the children on appeal asserts that Family Court made its determination in the best interests of the children and that a sound and substantial basis exists in the record to support it.