■ In the Matter of SEVERO E., Appellant, v LIZZETTE C., Respondent.—In a proceeding to determine child custody pursuant to Family Court Act article 6, in which the mother cross-petitioned for modification of an order of the Family Court, Bronx County, dated May 2, 1986, granting the father custody of the parties' daughter, the father appeals from a dispositional order of the Family Court, Nassau County (Capilli, J.), entered August 4, 1989, which, after a hearing, granted permanent custody of the parties' two children to the mother.

Ordered that the order entered August 4, 1989, is reversed, on the law and the facts and as a matter of discretion, without costs or disbursements; and it is further,

Ordered that the father's petition for permanent custody of his son Christopher is granted, the mother's petition for modification of the prior order of the Family Court, Bronx County, dated May 2, 1986, is denied, and the matter is remitted to the Family Court, Nassau County, for a determination of the mother's visitation schedule.

By petition dated April 12, 1988, the appellant, a resident of Nassau County, requested legal custody of his son Christopher, who was born in 1987. In his petition, he asserted that he had been left with physical custody of his son since March 5, 1988, when the respondent mother "moved to the Bronx by herself". However, the evidence adduced at the subsequent hearing reveals that the mother took Christopher with her when she left.

In her cross petition dated March 29, 1988, the mother confirmed that until March 1988 she resided with the appellant along with their son Christopher and their daughter Jennifer, who was born in 1982. She alleged that she left the appellant's residence in March and that he refused to allow her to take Jennifer with her. She requested modification of a prior order of the Family Court, Bronx County, dated May 2, 1986, pursuant to which custody of Jennifer had been awarded to the appellant, and further requested permanent custody of Jennifer.

On July 27, 1988, the Family Court, Nassau County, granted temporary custody of Christopher to the mother. Jennifer remained in the custody of the appellant.

After a hearing, the Family Court, in the order appealed

from, awarded permanent custody of both children to the mother.

The decision of the Family Court concededly contains certain factual errors which demonstrate that the Family Court misunderstood or misinterpreted certain of the evidence before it. Most importantly, the Family Court was evidently under the misapprehension that the mother's sister had resided with the parties for several years so as to be in a position to describe their behavior. This finding is not supported by the evidence. Also, the Family Court attributed certain testimony to the mother's sister which, to the extent that it appears in the record at all, was given by a different less credible witness. Factual errors such as these contributed to the Family Court's conclusion that the appellant had a history of "violent behavior", a finding of fact which is manifestly against the weight of the evidence.

Based upon our own review of the evidence, we find that the older child Jennifer has lived with her father for most of her life, and has been in his sole custody since March 1988. Jennifer's own wish is to remain with her father. The strength of the father's relationship with his daughter is also reflected in the earlier order dated May 2, 1986, of the Family Court, Bronx County, which transferred custody of Jennifer to him upon the mother's consent. Considering Jennifer's expressed preference, and the fact that the mother previously voluntarily surrendered custody of Jennifer to the appellant (see, Matter of Coyne v Coyne, 150 AD2d 573, 575; Keating v Keating, 147 AD2d 675, 677; Robert C. R. v Victoria R., 143 AD2d 262), and giving paramount consideration to Jennifer's own best interests (see, Friederwitzer v Friederwitzer, 55 NY2d 89; see also, Robert C. R. v Victoria R., supra), we find that the evidence weighs heavily in support of awarding legal custody of Jennifer to her father.

With respect to the younger child Christopher, we find that, all other things being equal, he should be raised together with his older sister (see generally, Eschbach v Eschbach, 55 NY2d 167; Matter of Ebert v Ebert, 38 NY2d 700, 704; Keating v Keating, supra). Aside from this consideration, however, the weight of the evidence established that the appellant's household provides a more stable environment than that of the mother. The evidence in the record, in its totality, established clearly that in terms of attentiveness to the general welfare of the children the appellant has demonstrated himself to be the better of the two parents and that the interests of both

children would best be served by allowing them to be united in his custody.

We note that our decision conforms to the recommendation of the Law Guardian. We also note that the Family Court failed to explain its apparent conclusion that the Law Guardian's opinion was to be disregarded *(see, Matter of Harvey v Share,* 119 AD2d 823). The opinion of the Law Guardian in this case was very well founded and was entitled to great respect.

Since we have significantly altered the Family Court's custody arrangement, it is necessary to remit the matter to it for a determination of an appropriate visitation schedule. Mangano, J. P., Bracken, Sullivan and Balletta, JJ., concur.