Egan Jr., J.
*1078 Petitioner (hereinafter the father) and respondent (hereinafter the mother), who never married, are the parents of a son (born in 2003). Pursuant to a prior order, the parties had joint legal custody of the child with primary physical custody to the mother and liberal visitation to the father. The father unsuccessfully attempted to gain physical custody of his son in 2005 and, in February 2011, commenced this modification proceeding seeking the same relief. Following a two-day hearing, as well as a Lincoln hearing with the child, Family Court granted the application and awarded primary physical custody to the father and liberal visitation to the mother. This appeal by the mother ensued.
“The case law makes clear that an existing custody order will be modified only when the party seeking the modification demonstrates a sufficient change in circumstances since entry of the prior order to warrant modification thereof in the child’s best interest. Indeed, [i]t is only when this threshold showing has been made that Family Court may proceed to undertake a best interest analysis” (Matter of Kerwin v Kerwin, 39 AD3d 950, 951 [2007] [internal quotation marks and citations omitted]; see Matter of Clark v Ingraham, 88 AD3d 1079, 1079 [2011]; Matter of Fox v Grivas, 81 AD3d 1014, 1015 [2011]). Here, the change in circumstances alleged by the father was the mother’s decision to change residences twice in three months, which, in turn, required the child, who has behavioral and emotional problems, to change schools with each move. Concluding that such behavior demonstrated the mother’s “lack of insight and concern for the [c]hild’s problems,” Family Court awarded primary physical custody to the father.
This Court has long acknowledged that a custodial parent’s decision to repeatedly change residences may constitute a sufficient change in circumstances to warrant modification of an existing custody arrangement (see Matter of Luke v Luke, 90 AD3d 1179, 1180-1181 [2011]; Matter of Spraker v Watts, 41 AD3d 953, 954 [2007]; Matter of Pecore v Pecore, 34 AD3d 1100, 1102 [2006]), particularly if such relocations negatively impact upon the child’s education (see Matter of Gasparro v Edwards, 85 AD3d 1222, 1222-1223 [2011]; Matter of Siler v Wright, 64 AD3d 926, 928 [2009]; Matter of Valenti v Valenti, 57 AD3d 1131, 1133-1134 [2008], lv denied 12 NY3d 703 [2009]). Here, even crediting the mother’s testimony regarding her reasons for moving, her attempts to find suitable housing in order to avoid a change in schools for the child and the child’s positive progress while in her care, the record nonetheless makes clear that the child, who already was struggling in school and — by all ac *1079 counts — benefits from structure and consistency, lost ground academically as a result of the successive moves. Accordingly, based upon our review of the record as a whole, we cannot say that Family Court abused its sound discretion in concluding that the father demonstrated the requisite change in circumstances.
We reach a similar conclusion with regard to Family Court’s best interests analysis. Although the mother indeed had been the child’s primary caregiver, upon due consideration of all the relevant factors, including each parent’s past performance, relative fitness and ability to furnish and maintain a suitable and stable home for the child and to guide and provide for the child’s emotional and intellectual development (see Matter of Coley v Sylva, 95 AD3d 1461, 1462 [2012]; Matter of Melissa WW. v Conley XX., 88 AD3d 1199, 1200 [2011], lv denied 18 NY3d 803 [2012]), we cannot say that Family Court’s decision to award primary physical custody to the father lacks a sound and substantial basis in the record. Accordingly, Family Court’s order is affirmed.
Peters, EJ., Lahtinen, Stein and Garry, JJ., concur. Ordered that the order is affirmed, without costs.