McCarthy, J.
Appeal from an order of the Family Court of Broome County (Connerton, J.), entered November 15, 2011, which dismissed petitioner’s application, in a proceeding pursuant to Family Ct Act article 6, to modify a prior order of custody.
Petitioner (hereinafter the father) and respondent (hereinafter the mother) are the parents of one child (born in 2008). In 2009, the parties were granted joint custody, with primary custody to the mother and weekly visitation with the father from Thursday until Sunday. In January 2011, the mother was granted sole custody of the child, with the father’s visitation remaining the same. Shortly thereafter, in May 2011, the father commenced this proceeding seeking custody of the child. Following a hearing, Family Court dismissed the father’s petition and he now appeals.
“[B]efore a court may modify a prior custody order, the petitioner must demonstrate, first, a change in circumstances occurring after issuance of the order sought to be modified and, second, that modification of the previous order is necessary to ensure the child[ ]’s best interests” (Matter of Ildefonso v Brooker, 94 AD3d 1344, 1344 [2012]; see Matter of Hamilton v Anderson, 99 AD3d 1077, 1078 [2012]). Here, the evidence of instability in the mother’s living arrangements — she moved four times in the 10 months following the issuance of the prior order, living with two different boyfriends and another friend during this time — supports the existence of the requisite change in cir *1001 cumstances warranting a consideration of the child’s best interests (see Matter of Starkey v Ferguson, 80 AD3d 799, 801 [2011]).
“In evaluating the best interests of the child, a court must consider numerous factors, including the quality of each parent’s home environments, their past performance and stability, and each parent’s relative fitness and ability to provide for the child’s intellectual and emotional development” (Matter of Calandresa v Calandresa, 62 AD3d 1055, 1056 [2009]; accord Matter of Coley v Sylva, 95 AD3d 1461, 1462 [2012]). Here, the record supports Family Court’s determination that both parents were similarly situated regarding the quality and stability of their home lives. Both parents are reliant on family or friends for housing, with the mother admitting to moving four times in the 10 months since the issuance of the prior order and the father testifying that he resides with his mother, stepfather and two siblings. The record also reflects that the police were called to the father’s residence in August 2011, after the father and his brother were involved in a fight, with the child present at the house. The father also admitted that the police were involved regarding an altercation he had with the mother’s brother in June 2011, which resulted in an order of protection being entered against the father.* Further, although the father presented testimony that the child was often unclean when arriving from the mother’s care and the mother had ignored a serious rash on the child’s buttocks, the mother and her witness testified to the contrary regarding the child’s hygiene, and the child’s medical records reflect that the mother sought treatment for the rash. According deference to Family Court’s credibility determinations (see Matter of Timothy N. v Gwendolyn N., 92 AD3d 1155, 1157 [2012]; Matter of Jeker v Weiss, 77 AD3d 1069, 1070 [2010]), the record supports Family Court’s determination that the father did not meet his burden of demonstrating that a modification of the prior custody order is necessary to ensure the child’s best interests.
Peters, EJ., Lahtinen and Egan Jr., JJ., concur. Ordered that the order is affirmed, without costs.

 While the father’s conduct regarding the altercations in June 2011 and August 2011 was postpetition and may not be considered when determining whether there was a change in circumstances, the conduct is relevant when determining the child’s best interests (see Matter of Klee v Schill, 95 AD3d 1599, 1601 n 4 [2012]).