SUPREME COURT OF THE STATE OF NEW YORK
*Appellate Division, Fourth Judicial Department*

**492**
**CAF 14-00690**
PRESENT: SCUDDER, P.J., SMITH, PERADOTTO, LINDLEY, AND DEJOSEPH, JJ.

---

IN THE MATTER OF FRANCIS J. GILMAN, JR.,
PETITIONER-APPELLANT,

V                                                              MEMORANDUM AND ORDER

VICTORIA P. GILMAN, RESPONDENT-RESPONDENT.

---

MICHELLE A. COOKE, CORNING, FOR PETITIONER-APPELLANT.

BETZJITOMIR LAW OFFICE, BATH (SUSAN BETZJITOMIR OF COUNSEL), FOR RESPONDENT-RESPONDENT.

TRAVIS J. BARRY, ATTORNEY FOR THE CHILD, HAMMONDSPORT.

---

Appeal from an order of the Family Court, Steuben County (Gerard J. Alonzo, Jr., J.H.O.), entered March 28, 2014. The order, among other things, awarded respondent sole custody of the subject child.

It is hereby ORDERED that the order so appealed from is unanimously reversed on the law and facts without costs, the petition is granted, and the matter is remitted to Family Court, Steuben County, for further proceedings in accordance with the following memorandum: Petitioner father commenced this proceeding seeking, inter alia, to modify a prior consent order of joint legal custody and primary physical custody of the parties' child with respondent mother by instead awarding him sole legal and primary physical custody of the child. Family Court denied the petition and, instead, awarded the mother sole legal and primary physical custody of the child, and visitation to the father. We now reverse.

As a preliminary matter, we note that the father failed to include in the record on appeal the consent order that he sought to modify. "While omission from the record on appeal of the order sought to be modified ordinarily would result in dismissal of the appeal . . . , there is no dispute" concerning the custody provisions contained in that order, and we may therefore reach the merits of the issues raised on this appeal (*Matter of Dann v Dann*, 51 AD3d 1345, 1346-1347; *see Matter of Walker v Cameron*, 88 AD3d 1307, 1308).

We agree with the father and the Attorney for the Child (AFC) that the court's finding that the father failed to provide the child with required medication is against the weight of the evidence (*see Matter of Severo E. v Lizzette C.*, 157 AD2d 726, 727; *Matter of Robert T.F. v Rosemary F.*, 148 AD2d 449, 449-450). The father does not

dispute that he questioned certain diagnoses and was resistant to giving the child certain medication, especially when multiple pills were sent with the child in a plastic baggie without labels. The father adamantly and consistently testified, however, that he always gave the child the required medication. Admittedly, the father did not give the child a sleeping aid, but the mother and maternal grandmother admitted that the sleeping aid was prescribed on an as-needed basis only. According to the father, the child did not need the sleeping aid when the child visited with the father. There was no testimony to the contrary.

Inasmuch as that erroneous finding was central to the court's decision to award the mother sole custody of the child, we agree with the father and the AFC that the court's determination of custody "lacks a sound and substantial basis in the record" (*Fox v Fox*, 177 AD2d 209, 211-212; *see Matter of Cole v Nofri*, 107 AD3d 1510, 1511, *appeal dismissed* 22 NY3d 1083). Aside from finding that the father failed to give the child required medication, the court found in favor of the father on all other relevant factors (*see Fox*, 177 AD2d at 210). Indeed, we agree with the court that the evidence at the hearing established that the "[f]ather is much better able to manage [the child's] behavior." The mother resorts to physical discipline in order to control the child when he has anger management issues. As a result, there have been at least two indicated child protective services reports against the mother. The father, however, is able to calm the child down without resorting to physical discipline. Although the mother has been the primary residential parent for the past two years, we conclude that the father is better able to address the child's behavioral issues. We therefore reverse the order and grant the petition by awarding the father sole legal and primary physical custody of the child and visitation to the mother, and we remit the matter to Family Court to fashion an appropriate visitation schedule.

Entered: May 1, 2015                                    Frances E. Cafarell
                                                        Clerk of the Court