*State of New York*
*Supreme Court, Appellate Division*
*Third Judicial Department*

Decided and Entered:  July 2, 2015                    519284
_____

In the Matter of CHRISTINA
    FOUNTAIN,
                    Respondent,

            v                                   MEMORANDUM AND ORDER

JOSEPH FOUNTAIN,
                    Appellant.
_____

Calendar Date:  April 21, 2015

Before:  Lahtinen, J.P., McCarthy, Garry and Rose, JJ.

_____

        Michelle I. Rosien, Philmont, for appellant.

        Jessica C. Eggleston, Saratoga Springs, for respondent.

        Lynne Ackner, Glens Falls, attorney for the child.

_____

Rose, J.

        Appeal from an order of the Family Court of Clinton County
(Lawliss, J.), entered June 3, 2014, which granted petitioner's
application, in a proceeding pursuant to Family Ct Act article 6,
to modify a prior order of custody.

        Petitioner (hereinafter the mother) and respondent
(hereinafter the father) are the separated parents of a child
born in 2009.  Following their separation, they entered into a
custody order on consent that granted them joint legal custody
and shared physical custody of the child.  When an incident of
domestic violence occurred between the father and his live-in
girlfriend while the child was in his physical custody, the
mother commenced this modification proceeding seeking sole legal

and physical custody. A fact-finding hearing was then held and Family Court granted the mother's petition in its entirety, providing the father with visitation two out of every three weekends. The father appeals.

In order to justify modification of the custody order, the mother was required to establish a change in circumstances "reflecting a real need for change in order to insure the continued best interests of the child" (Matter of Greene v Robarge, 104 AD3d 1073, 1075 [2013]; accord Matter of Virginia C. v Donald C., 114 AD3d 1032, 1033 [2014]; see Matter of Parchinsky v Parchinsky, 114 AD3d 1040, 1041 [2014]). Here, the record reflects that, although the child did not witness the domestic violence incident, she witnessed the father's arrest and was visibly upset when the mother arrived to retrieve her that same night. The mother testified that the father's house was in disarray, multiple police officers were on the scene and the child's hair was checked by an officer to ensure there was no broken glass in it. The father spent the night in jail and later pleaded guilty to harassment in the second degree. An order of protection was entered against him and he was ordered to attend a violence intervention program. As a result of the order of protection, the father was required to move out of the girlfriend's residence, and he spent time moving between various family members before eventually reconciling with the girlfriend and moving back in with her. Although the father and girlfriend downplayed the domestic violence incident, claiming that the father merely threw the girlfriend's cell phone and pushed her, Family Court did not find them to be credible. Deferring to Family Court's credibility determinations (see Matter of Brady v Schermerhorn, 25 AD3d 1037, 1038 [2006]; Matter of Drew v Gillin, 17 AD3d 719, 721 [2005]), its conclusion that a change in circumstances occurred based on the domestic violence incident and the father's lack of stable housing is supported by a sound and substantial basis in the record (see Matter of Hayward v Campbell, 104 AD3d 1000, 1000-1001 [2013]; Matter of Hamilton v Anderson, 99 AD3d 1077, 1078 [2012]; Matter of Starkey v Ferguson, 80 AD3d 799, 801 [2011]).

We also find a sound and substantial basis for Family Court's determination that an award of primary physical custody

to the mother was in the child's best interests based on the stability offered by the mother's living situation, the father's history of domestic violence and his failure to attend the violence intervention program (see Matter of Carr v Stebbins, 123 AD3d 1164, 1164 [2014]; Matter of Hamilton v Anderson, 99 AD3d at 1079; Matter of Bishop v Livingston, 296 AD2d 602, 604 [2002]). Although the father contends that Family Court improperly questioned him about his living situations and his relationship with his girlfriend, these questions were appropriately limited to the relevant issues and intended to clarify the testimony (see Matter of Carr v Stebbins, 123 AD3d at 1165; Matter of Borggreen v Borggreen, 13 AD3d 756, 757 [2004]).

Finally, deferring to Family Court's factual findings, we agree with its determination that, given the father's history of domestic violence against the mother and his failure to make affirmative efforts to control his abusive behavior, joint custody would be inappropriate and not in the child's best interests (see Matter of Brown v Akatsu, 125 AD3d 1163, 1166 [2015]; Matter of Drew v Gillin, 17 AD3d at 721; Matter of Spencer v Small, 263 AD2d 783, 785 [1999]).

Lahtinen, J.P., McCarthy and Garry, JJ., concur.

ORDERED that the order is affirmed, without costs.

ENTER:

Robert D. Mayberger
Clerk of the Court