*State of New York*
*Supreme Court, Appellate Division*
*Third Judicial Department*

Decided and Entered:    December 3, 2015                    519736
_____

In the Matter of KAYLEY E. and
    Another, Neglected Children.

SULLIVAN COUNTY DEPARTMENT OF
    SOCIAL SERVICES,
                            Respondent;

JAMES F.,
                            Appellant.

(Proceeding No. 1.)
_____

In the Matter of ALYSSA E.                 MEMORANDUM AND ORDER
    et al.,
                            Respondents,

        v

HEIDI E.,
                            Respondent,

        and

SULLIVAN COUNTY DEPARTMENT OF
    FAMILY SERVICES,
                            Respondent,

        and

JAMES F.,
                            Appellant.

(Proceeding No. 2.)

(And Another Related Proceeding.)
_____


Calendar Date:   October 15, 2015

Before:   Garry, J.P., Egan Jr., Rose and Clark, JJ.

_____

Cliff Gordon, Monticello, for appellant.

Glen H. Rosenstein, Department of Family Services, Monticello, for Sullivan County Department of Social Services, respondent.

Ivy M. Schildkraut, Monticello, attorney for the children.

_____

Garry, J.P.

Appeals from an order and an amended order of the Family Court of Sullivan County (Meddaugh, J.), entered August 20, 2014, which, in proceedings pursuant to Family Ct Act articles 6, 10 and 10-A, among other things, directed that respondent James F. have no contact with the subject children.

Respondent James F. (hereinafter the father) and his wife, respondent Heidi E., are the parents of two children (hereinafter the children), born in 1999 and 2002, respectively. The children were removed from the parents' custody in 2007, after the father was accused and later convicted of raping, sodomizing and sexually assaulting, over a protracted period of time, his two teenage stepchildren who lived in the family home, some of which occurred when the younger stepchild was under the age of 13. The father is not expected to be released from the incarceration imposed as a result of these crimes until 2032. Following a hearing in 2007, Family Court determined that the father had severely abused the younger stepchild and had derivatively neglected the children and placed the children under the supervision of the Sullivan County Department of Family Services. In 2008, the court issued a permanent order of protection in effect until March 12, 2020, directing, among other things, that the father have no contact with the children. Since 2010, the children have remained in the care and guardianship of paternal relatives, petitioners Alyssa E. and James E. (hereinafter collectively referred to as petitioners). By all accounts, the

children have thrived and excelled.

In 2014, the Department of Family Services filed a notice of permanency pursuant to Family Ct Act article 10-A recommending that custody of the children be awarded to petitioners, who thereafter filed a petition seeking custody of the children under Family Ct Act article 6. After a combined hearing at which the attorney for the children consented to the custody request, and an in camera hearing with the children, Family Court issued an order and an amended order which, among other things, granted petitioners sole legal and physical custody of the children, directed that the father shall have no contact with the children, and continued the 2008 permanent order of protection. The father appeals, challenging Family Court's directive that he have no contact with the children and continuing the 2008 order of protection.

We affirm. The father, who was represented by counsel throughout the course of the proceedings, did not seek to modify or challenge the 2008 no-contact order of protection. He opposed the custody petition, but he did not testify, call witnesses or elicit testimony regarding the advisability of contact with the children, nor did he at any time make a request for contact with the children. The father's attorney indicated that the father simply wanted to be sure that the children were aware "that he's alive and exists." The testimony established that the children had asked about the father and were aware that he was incarcerated, but had not expressed a desire to resume contact with him. Accordingly, the contentions raised by the father on appeal were not preserved for our review (see Matter of Marcus BB. [David BB.], 129 AD3d 1134, 1135 [2015]; Matter of Anthony MM. v Rena LL., 34 AD3d 1171, 1172 [2006], lv denied 8 NY3d 805 [2007]).

Egan Jr., Rose and Clark, JJ., concur.

ORDERED that the order and amended order are affirmed, without costs.

ENTER:

Robert D. Mayberger
Clerk of the Court