# SUPREME COURT OF THE STATE OF NEW YORK
## Appellate Division, Fourth Judicial Department

**12**
**CAF 15-00313**
PRESENT: SMITH, J.P., PERADOTTO, LINDLEY, DEJOSEPH, AND SCUDDER, JJ.

---

IN THE MATTER OF MARIVI DEJESUS,
PETITIONER-APPELLANT,

V                                                    MEMORANDUM AND ORDER

STEVEN A. GONZALEZ, RESPONDENT-RESPONDENT.
-------------------------------------------
MARYBETH D. BARNET, ESQ., ATTORNEY FOR THE
CHILD, APPELLANT.

---

DAVISON LAW OFFICE PLLC, CANANDAIGUA (MARY P. DAVISON OF COUNSEL), FOR
PETITIONER-APPELLANT.

MARYBETH D. BARNET, ATTORNEY FOR THE CHILD, CANANDAIGUA, APPELLANT PRO
SE.

SUSAN GRAY JONES, CANANDAIGUA, FOR RESPONDENT-RESPONDENT.

KIMBERLY WHITE WEISBECK, ATTORNEY FOR THE CHILD, ROCHESTER.

---

Appeals from an order of the Family Court, Ontario County
(Maurice E. Strobridge, J.H.O.), entered December 29, 2014 in a
proceeding pursuant to Family Court Act article 6. The order, among
other things, directed that the parties shall continue to share joint
custody of the subject children.

It is hereby ORDERED that the order so appealed from is
unanimously reversed on the law and facts without costs, the petition
is granted, and the matter is remitted to Family Court, Ontario
County, for further proceedings in accordance with the following
memorandum: In this proceeding pursuant to Family Court Act article
6, petitioner mother and the Attorney for the Child (AFC) for the
parties' daughter appeal from an order that denied the mother's
petition seeking to modify a prior consent order. Pursuant to the
prior order, the parties had joint legal custody of their son and
daughter, with primary physical custody to respondent father, and by
the instant petition the mother sought sole legal and primary physical
custody of the children based on the father's use of inappropriate
physical discipline while the children were in his care. Although
Family Court determined that the mother failed to establish a
sufficient change in circumstances warranting an inquiry into the best
interests of the children, it nevertheless determined based on the
evidence presented at the hearing that it was in the children's best
interests to continue joint legal custody and primary physical

placement with the father.

Although an existing order of custody and visitation that is based on the consent of the parties is entitled to less weight than a disposition after a plenary trial, the court may not modify such an order unless a sufficient change in circumstances since the time of the consent order has been established, " 'and then only where a modification would be in the best interests of the child[ren]' " (*Matter of Pecore v Blodgett*, 111 AD3d 1405, 1405, *lv denied* 22 NY3d 864).

We agree with the mother and the AFC that the court erred in determining that the mother failed to establish a sufficient change in circumstances to warrant an inquiry into the best interests of the children. The record establishes that the father telephoned the mother to ask that she pick up the parties' three-year-old daughter from his residence in Pennsylvania because he was unable to handle her alleged misbehavior. Upon retrieving the child, the mother observed and photographed extensive bruising on the child's body, as well as scrapes on her knees, which the father later attributed to the child's increasingly serious tantrums that began while she was in his care. The daughter's injuries were observed by a Child Protective Services (CPS) investigator, and the daughter disclosed to the investigator that the father had struck her with a belt and that she sustained the scrapes on her knees from kneeling on a "cat scratcher" as a form of punishment. The son's statements to the investigator corroborated the daughter's account of the corporal punishment. In addition, the father admitted that he once spanked the daughter with a belt and made her kneel on the "cat scratcher." Although the father testified that each of those types of physical discipline was a one-time occurrence, the records of the daughter's medical examination documenting that the daughter had "multiple bruises all over her body in different stages of healing," as well as the son's statements with respect to the frequency of the father's physical discipline, support the finding that the father repeatedly inflicted excessive corporal punishment on the daughter. We thus conclude that there was a sufficient change in circumstances to warrant an inquiry into the best interests of the children (*see Matter of Bartlett v Jackson*, 47 AD3d 1076, 1077-1078, *lv denied* 10 NY3d 707; *cf. Matter of Eller v Eller*, 126 AD3d 1242, 1242-1243; *see generally Matter of Terry I. v Barbara H.*, 69 AD3d 1146, 1147-1148). Furthermore, even crediting the father's assertion that the daughter's injuries resulted from tantrums, we conclude that there was a sufficient change in circumstances inasmuch as the father was admittedly unable to handle the daughter's behavioral issues, resorted to inappropriate physical discipline to punish the daughter for her alleged misbehavior, and requested that the mother remove the daughter from his care (*see Matter of Burrell v Burrell*, 101 AD3d 1193, 1194; *Matter of Robinson v Cleveland*, 42 AD3d 708, 709).

We further agree with the mother and the AFC that the court's custody determination lacks a sound and substantial basis in the record (*see Gilman v Gilman*, 128 AD3d 1387, 1388; *see generally Fox v Fox*, 177 AD2d 209, 211-212). Upon our review of the relevant factors (*see generally Eschbach v Eschbach*, 56 NY2d 167, 171-174; *Fox*, 177

AD2d at 210), "including an evaluation of the character and relative parental fitness of the parties" (*Matter of Amy L.W. v Brendan K.H.*, 37 AD3d 1060, 1061), we conclude that it is in the best interests of the children to award the mother sole legal and primary physical custody. Here, the record establishes that the father resorted to excessive physical discipline of the daughter, which resulted in an indicated CPS report (*see Gilman*, 128 AD3d at 1388), and we conclude that the court erred in discounting that report in favor of an "unfounded" report by a Pennsylvania investigator who had closed his case because the children had been removed to New York. The record also establishes that the father struck the son with a belt as punishment, and exposed him to a home environment wherein he witnessed the excessive corporal punishment directed at the daughter (*see generally Matter of Demers v McLear*, 130 AD3d 1259, 1261). Contrary to the court's determination, we conclude that the record establishes that the mother's involvement with the son's schooling was not significantly different from that of the father. In addition, the son's wish to reside with the father is not determinative in light of his young age (*see Matter of Holtz v Weaver*, 94 AD3d 1557, 1558).

The court's finding that the daughter was in need of psychological intervention and that the father had made proper attempts to improve the daughter's behavior in that regard likewise is unsupported by the record. Rather, the record establishes that the father's parenting skills are inadequate with respect to his ability to provide for the daughter's psychological and emotional needs because, despite his testimony that the daughter's behavior deteriorated while in his care, he never sought assistance from, e.g., a child psychologist or the daughter's pediatrician with respect to the tantrums, and instead resorted to inappropriate physical discipline and requested that the mother remove the daughter from his care (*see Gilman*, 128 AD3d at 1388).

We note in addition that the court improperly focused on the mother's past sexual behavior and relationships despite the absence of any showing that such conduct may adversely affect the welfare of the children (*see Sitts v Sitts*, 74 AD3d 1722, 1723, *lv dismissed* 15 NY3d 833, *lv denied* 18 NY3d 801; *Matter of Hess v Pedersen*, 211 AD2d 1000, 1001). To the extent that the court found that the mother's relationship and pregnancy affected the children's living arrangements at the mother's residence, we conclude that those conditions were not significantly different from those at the father's residence.

We thus reverse the order and grant the petition by awarding the mother sole legal and primary physical custody of the children, with visitation to the father, and we remit the matter to Family Court to fashion an appropriate visitation schedule.

Entered: February 11, 2016

Frances E. Cafarell
Clerk of the Court