*State of New York*
*Supreme Court, Appellate Division*
*Third Judicial Department*

Decided and Entered:   June 2, 2016                518764B
_____

In the Matter of DAVID J.,
                    Respondent,

        v
                                        MEMORANDUM AND ORDER

LEEANN K.,
                    Appellant.
_____

Calendar Date:   April 22, 2016

Before:   Garry, J.P., Egan Jr., Lynch, Clark and Mulvey, JJ.

                    _____


        Susan Patnode, Rural Law Center of New York, Castleton
(George J. Hoffman Jr. of counsel), for appellant.

        Carol Malz, Oneonta, for respondent.

        Christine McCue, Central Bridge, attorney for the child.

                    _____


Mulvey, J.

        Appeal from an order of the Family Court of Otsego County
(Burns, J.), entered March 17, 2014, which granted petitioner's
application, in a proceeding pursuant to Family Ct Act article 6,
to modify a prior order of custody and visitation.

        Petitioner (hereinafter the father) and respondent
(hereinafter the mother) are the parents of a daughter (born in
2002).  In 2010, Family Court awarded sole legal and physical
custody of the child to the mother and parenting time to the
father.  In June 2013, the father commenced this proceeding to
modify the 2010 custody order.  In September 2013, Family Court
entered an interim order awarding the father physical custody of
the child until there was a final ruling on his modification

petition. Following a fact-finding hearing and a <u>Lincoln</u> hearing, the court granted the father's application and awarded sole legal and physical custody of the child to the father and limited parenting time to the mother. Family Court's order also prohibited, among other things, the mother's husband (hereinafter the stepfather) from acting as the child's "sole caretaker" and prohibited the mother from consuming or permitting any third party to consume "any alcohol, or drugs, [eight] hours before, or during" visitation time. The mother appeals.

"A parent seeking to modify an existing custody [and visitation] order first must demonstrate that a change in circumstances has occurred since the entry thereof that is sufficient to warrant the court undertaking a best interests analysis in the first instance" (<u>Matter of Ryan v Lewis</u>, 135 AD3d 1135, 1136 [2016] [internal quotation marks and citations omitted]; <u>see</u> <u>Matter of Carr v Stebbins</u>, 135 AD3d 1013, 1014 [2016]; <u>Matter of Sparbanie v Redder</u>, 130 AD3d 1172, 1172 [2015]; <u>Matter of McIntosh v Clary</u>, 129 AD3d 1392, 1392 [2015]). "We accord great deference to Family Court's factual findings and credibility determinations given its superior position to observe and assess the witnesses' testimony and demeanor firsthand, and will not disturb its custodial determination if supported by a sound and substantial basis in the record" (<u>Matter of Daniel TT. v Diane TT.</u>, 127 AD3d 1514, 1515 [2015] [citations omitted]; <u>see</u> <u>Matter of Flood v Flood</u>, 63 AD3d 1197, 1198 [2009]).

Family Court made an express finding that there was a change in circumstances based on the mother's exposure of the child to several domestic violence incidents. It appears that the mother does not dispute that a change in circumstances warranted an inquiry into whether the best interests of the child would be served by modifying the 2010 order.[1] Rather, the mother

---

[1] In any event, the record supports Family Court's finding that a change in circumstances occurred — namely, the mother's unstable housing conditions and her exposure of the child to instances of domestic violence — to warrant an inquiry into whether modification of the prior custody order was in the child's best interests (<u>see</u> <u>Matter of Fountain v Fountain</u>, 130

contends that a sound and substantial basis in the record does not exist to support Family Court's award of sole legal and physical custody to the father because the evidence adduced at trial demonstrated that the parties were able to "communicate effectively and work together" – apparently arguing that the parties should have joint legal custody of the child.  The mother also contends that Family Court abused its discretion "by imposing unsupported and overbroad restrictions on [her] conduct" during her visitation time with the child.  Specifically, she takes issue with the prohibition on her or any third party's consumption of alcohol or drugs eight hours before or during her visitation time.  The father counters that there was a sound and substantial basis for the court's decision.  The attorney for the child agrees that Family Court properly modified the 2010 custody order.

In order to determine whether a modification of an existing custody order is in a child's best interests, a court must consider several factors, including "the relative fitness, stability, past performance, and home environment of the parents, as well as their ability to guide and nurture the child[] and foster a relationship with the other parent" (Matter of Rohde v Rohde, 135 AD3d 1011, 1012 [2016] [internal quotation marks and citations omitted]; see Matter of Hill v Dean, 135 AD3d 990, 991 [2016]).  Evidence adduced at trial demonstrated that the mother placed her emotional needs ahead of the safety of the child and that she did not maintain a stable home environment for the child (see Matter of Fountain v Fountain, 130 AD3d 1107, 1108 [2015]; Matter of Lawrence v Kowatch, 119 AD3d 1004, 1004-1005 [2014]; Matter of Opalka v Skinner, 81 AD3d, 1005, 1006 [2011]).  "Although an award of joint custody is an aspirational goal" (Matter of Ryan v Lewis, 135 AD3d at 1136-1167 [internal quotation marks, brackets and citations omitted]; see Matter of Michael GG. v Melissa HH., 97 AD3d 993, 994-995 [2012]), the record clearly demonstrates that joint legal custody was not feasible when the mother and the father's relationship evidenced their inability to effectively and directly communicate with one

_____

AD3d 1107, 1108 [2015]).

another to care for the child's needs (see Matter of Ryan v Lewis, 135 AD3d at 1137).  The father testified that he had attempted to talk with the mother "about a number of things"; however, he believed that his attempts were "a waste of time" because the mother or her paramour would instigate an argument with him while the child was present.  Instead, the father's wife had to act as a liaison between the father and the mother and communicated with the mother via text message regarding the child's visitation.  The father also testified that the mother took away the child's cell phone "on a fairly regular basis," and, as a result, he was unable to communicate with the child. The record is replete with evidence demonstrating the mother's repeated decisions to expose the child to instances of domestic violence and excessive consumption of alcohol.  Taking into account the father's stable household and his ability to care for the child, Family Court properly awarded sole physical and legal custody to the father (see Matter of Rohde v Rohde, 135 AD3d at 1012; Matter of Hill v Dean, 135 AD3d at 991; Matter of Hayward v Campbell, 104 AD3d 1000, 1001 [2013]).

Finally, in light of the testimony regarding the domestic violence incidents and alcohol consumption by the mother, her paramour and the stepfather, Family Court's visitation order reflected the best interests of the child (see Matter of Mayo v Mayo, 63 AD3d 1207, 1209 [2009]; compare Matter of Christopher T. v Jessica U., 90 AD3d 1092, 1094 [2011]).  Family Court is "afforded wide discretion in crafting an appropriate visitation schedule" (DeLorenzo v DeLorenzo, 81 AD3d 1110, 1112 [2011], lv dismissed 16 NY3d 888 [2011]) and "has the power to impose restrictions on [a] child[]'s interactions with third parties during visitation if it is in the child[]'s best interests to do so" (Matter of Mayo v Mayo, 63 AD3d at 1209).  Here, the stepfather, a convicted felon and acknowledged alcoholic, admitted that he still drinks alcoholic beverages.  However, we find Family Court's restrictions to be overly broad in that they could be interpreted to prohibit visitation with the child in public gatherings where alcoholic beverages are consumed, as well as the use of prescribed or legal drugs by the mother or others. We also note that Family Court's order omits explicit authority for the mother to access the child's medical and school records.

Accordingly, we modify Family Court's order by directing that the mother shall have full access to all of the child's medical and school records, that the father shall be responsible for keeping the mother promptly informed about his choice of doctors, the child's medical appointments, medical reports and extracurricular activities and that the father shall also be responsible for keeping the mother informed with respect to all school reports and the times of all meetings, teacher conferences and other school-related activities. In addition, the fifth paragraph of said order should be modified to provide that the mother shall not consume any alcoholic beverages or unlawful substances eight hours before or during any time that the child is in her care, nor shall she allow any interaction between the child and any third party who is under the influence of alcoholic beverages or unlawful substances within said time period.

Garry, J.P., Egan Jr., Lynch and Clark, JJ., concur.

ORDERED that the order is modified, on the facts, without costs, by (1) providing respondent access to and information regarding the child's medical and school records and appointments and extracurricular activities as more fully set forth herein, and (2) restricting interaction with the child by respondent or any third party as more fully set forth herein, and, as so modified, affirmed.

ENTER:

Robert D. Mayberger
Clerk of the Court