Matter of Schultz v Berke (2018 NY Slip Op 02945)





Matter of Schultz v Berke


2018 NY Slip Op 02945


Decided on April 27, 2018


Appellate Division, Fourth Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on April 27, 2018
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Fourth Judicial Department

PRESENT: CARNI, J.P., LINDLEY, NEMOYER, TROUTMAN, AND WINSLOW, JJ.


284 CAF 17-00263

[*1]IN THE MATTER OF BRADY SCHULTZ, PETITIONER-RESPONDENT-APPELLANT,
v
DARLA BERKE, TIMOTHY BERKE, RESPONDENTS-APPELLANTS-RESPONDENTS, AND JEANETTE BERKE, RESPONDENT-RESPONDENT. 






JEFFREY WICKS, PLLC, ROCHESTER (CHARLES D. STEINMAN OF COUNSEL), FOR RESPONDENTS-APPELLANTS-RESPONDENTS. 
MICHAEL STEINBERG, ROCHESTER, FOR PETITIONER-RESPONDENT-APPELLANT. 
MARK D. FUNK, CONFLICT DEFENDER, ROCHESTER (CHELSEA L. PALMISANO OF COUNSEL), FOR RESPONDENT-RESPONDENT.
PAUL B. WATKINS, FAIRPORT, ATTORNEY FOR THE CHILD. 


 Appeal and cross appeal from an order of the Family Court, Monroe County (Patricia E. Gallaher, J.), entered November 21, 2016 in a proceeding pursuant to Family Court Act article 6. The order, inter alia, dismissed the amended petition insofar as it sought a change in custody and granted the alternative request for increased visitation with the child only to the extent of allowing petitioner certain additional holiday visitation with the child. 
It is hereby ORDERED that the order so appealed from is unanimously reversed on the law without costs, the amended petition is reinstated in its entirety and the matter is remitted to Family Court, Monroe County, for further proceedings in accordance with the following memorandum: Respondents Darla Berke and Timothy Berke (grandparents) appeal and petitioner father cross-appeals from an order that, among other things, dismissed the amended petition insofar as it sought a change in custody, and granted the father's alternative request to increase visitation with his daughter only to the extent of allowing him six hours of unsupervised visitation with his daughter "on Christmas in years when Christmas does not fall on a Sunday," i.e., his regular visitation day. We reverse the order, reinstate the amended petition in its entirety, and remit the matter to Family Court for a determination, following a hearing, whether it is in the child's best interests either to award primary physical custody of the child to the father or to award the father increased visitation with the child.
The father and respondent mother, Jeanette Berke, are the biological parents of the child. In 2013, after the father had filed several petitions for visitation and custody, the mother, the grandparents and the father entered into a consent order pursuant to which the mother and the grandparents had joint legal custody of the child, the grandparents had primary physical residence, and the father would have increasing periods of visitation. In 2015, after a lengthy period without any increase in visitation, the father petitioned for custody of the child and subsequently amended his petition to seek the alternative relief of increased visitation with the child, "including overnights, and holidays." The mother and the grandparents opposed both the petition and the amended petition, but did not file any cross petitions.
Before the matter proceeded to trial, the court "thr[e]w[] out the custody part of the [amended] petition" and "dismiss[ed] the claim for custody," concluding that "custody [was] not the issue" because there was no "allegation adequate [sic] regarding circumstances to require [the court] to address whether primary physical residence should be moved from [the grandparents] to the dad." Trial commenced on issues of visitation only.
At the outset, we agree with the father on his cross appeal that the court erred in dismissing before trial his amended petition insofar as it sought custody of his daughter. "[W]here, as here, a parent seeks to regain custody from a nonparent . . . [,] it is well established that, unless a finding of extraordinary circumstances was made in a prior order, the parent is not required to prove a change in circumstances as a threshold matter . . . A prior consent order, standing alone, does not constitute a judicial finding [or an admission] of surrender, abandonment, unfitness, neglect or other extraordinary circumstances . . . As the [father] consented to the prior custody order and there was no prior finding therein of extraordinary circumstances, [he] was not required to demonstrate a change in circumstances in the first instance" (Matter of Christy T. v Diana T., 156 AD3d 1159, 1160 [3d Dept 2017] [internal quotation marks omitted]).
We further conclude that the court erred in dismissing the amended petition insofar as it sought custody of the child without first finding that extraordinary circumstances existed (see Matter of Katherine D. v Lawrence D., 32 AD3d 1350, 1351 [4th Dept 2006], lv denied 7 NY3d 717 [2006]; see also Matter of Guinta v Doxtator, 20 AD3d 47, 53 [4th Dept 2005]; see generally Matter of Gary G. v Roslyn P., 248 AD2d 980, 981 [4th Dept 1998]). Here, as in Katherine D., we need not remit the matter for a new hearing on extraordinary circumstances "because the record is adequate to enable us to apply the extraordinary circumstances test" (32 AD3d at 1351; see Matter of Vincent A.B. v Karen T., 30 AD3d 1100, 1101 [4th Dept 2006], lv denied 7 NY3d 711 [2006]; cf. Matter of Howard v McLoughlin, 64 AD3d 1147, 1148 [4th Dept 2009]). As the father correctly conceded in his surreply brief and at oral argument of this appeal, extraordinary circumstances exist under Domestic Relations Law § 72 (2) inasmuch as there has been "a 24-month separation of the [father] and child, which is identified as prolonged,' . . . the [father] voluntar[ily] relinquish[ed] . . . care and control of the child during such period, and . . . the [child] reside[d] . . . in the grandparents' household" (Matter of Suarez v Williams, 26 NY3d 440, 448 [2015]; see § 72 [2] [a], [b]).
Despite the existence of extraordinary circumstances, we nevertheless conclude that the amended petition must be reinstated in its entirety and the matter remitted to Family Court for a hearing to determine whether an award of primary physical custody to the father is in the child's best interests (see generally Matter of Bennett v Jeffreys, 40 NY2d 543, 549-551 [1976]). Based on the court's erroneous dismissal of the petition insofar as it sought custody, the father was precluded from presenting evidence in support of his request for that relief, and we thus conclude that the record is insufficient to enable us to make a determination on that issue (cf. Katherine D., 32 AD3d at 1351).
With respect to issues concerning visitation, we conclude that the grandparents' contention on their appeal that the court should have modified the prior order to eliminate all unsupervised visitation by the father is unpreserved for our review inasmuch as they "did not request such relief during the hearing" or otherwise indicate that such relief was requested (Matter of Grant v Terry, 104 AD3d 854, 854 [2d Dept 2013]; see Matter of Kayley E. [James F.], 134 AD3d 1195, 1196-1197 [3d Dept 2015]; cf. Matter of Heasley v Morse, 144 AD3d 1405, 1406 n 1 [3d Dept 2016]). In any event, we note that the father had unsupervised visitation for an extended period of time without incident.
With respect to the father's alternative request for increased visitation, including overnight visitation with the child, we agree with the father on his cross appeal that the court's determination to deny that request in part was not based on a sound and substantial basis in the record inasmuch as the court's written decision is riddled with misstatements and incorrect assertions of fact (see e.g. Matter of Gilman v Gilman, 128 AD3d 1387, 1388 [4th Dept 2015]; Matter of Irons v Schneller, 258 AD2d 652, 652 [2d Dept 1999]; Matter of Severo E. v Lizzette C., 157 AD2d 726, 727 [2d Dept 1990]). For instance, the court repeatedly misstated the age of the mother when the parties began their relationship and, as the Attorney for the Child correctly concedes, the court misapprehended the contents of and the father's purpose for introducing a video recording of a Skype conversation that the mother had with the father.
Also, the court mistakenly believed that the video depicted the mother engaging in embarrassing sexual behavior, and stated in sum and substance that the father's offer of proof was outrageous and made a difficult decision easier to make. The court's misapprehension could have been cured had it viewed the video in camera as repeatedly requested by the father's [*2]attorney. As the father's attorney explained, to the extent that the mother made comments on the video favorable to the father, the video constituted relevant impeachment evidence in light of the mother's trial testimony. "Inasmuch as th[e] erroneous finding[s were] central to the court's decision" to deny in part the father's request for increased visitation, the court's determination cannot stand (Gilman, 128 AD3d at 1388).
"Having revived the [father's] petition, we are mindful of the fact that we possess the power to conduct an independent review of an adequately developed record" (Matter of Dumond v Ingraham, 129 AD3d 1131, 1133 [3d Dept 2015]). We are unable to do so on this record, however, inasmuch as the court precluded the father from presenting relevant evidence with respect to the issue of visitation. We therefore further direct the court on remittal to determine following the hearing whether, if a change in custody is denied, an increase in visitation is nevertheless in the best interests of the child.
Entered: April 27, 2018
Mark W. Bennett
Clerk of the Court