Matter of Chromczak v Salek (2019 NY Slip Op 04830)





Matter of Chromczak v Salek


2019 NY Slip Op 04830


Decided on June 14, 2019


Appellate Division, Fourth Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on June 14, 2019
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Fourth Judicial Department

PRESENT: SMITH, J.P., PERADOTTO, CARNI, LINDLEY, AND TROUTMAN, JJ.


378 CAF 18-00103

[*1]IN THE MATTER OF JAMES C. CHROMCZAK, PETITIONER-APPELLANT,
v
ANGELIA L. SALEK, RESPONDENT-RESPONDENT. (APPEAL NO. 1.) 






TRACY L. PUGLIESE, CLINTON, FOR PETITIONER-APPELLANT. 
PETER J. DIGIORGIO, JR., UTICA, ATTORNEY FOR THE CHILD. 


 Appeal from an order of the Family Court, Herkimer County (John J. Brennan, J.), entered December 15, 2017 in a proceeding pursuant to Family Court Act article 6. The order dismissed the petition. 
It is hereby ORDERED that the order so appealed from is unanimously affirmed without costs.
Memorandum: In this proceeding pursuant to Family Court Act article 6, petitioner-respondent father appeals in appeal No. 1 from an order that dismissed his violation petition against respondent-petitioner mother alleging that he was denied visitation with the subject child under an existing custody and visitation order (existing order). In appeal No. 2, the father appeals from an order that dismissed his petition seeking to modify the existing order by granting him custody of the subject child. In appeal No. 3, the father appeals from an order that granted the mother's petition for modification of the existing order by, inter alia, prohibiting the father's live-in girlfriend from having any contact with the child. We affirm in each appeal.
The father contends in each appeal that reversal is warranted because Family Court was biased against him. The father did not preserve that contention for our review, however, because "he failed to make a motion asking the court to recuse itself" (Matter of Shonyo v Shonyo, 151 AD3d 1595, 1596 [4th Dept 2017], lv denied 30 NY3d 901 [2017]; see Matter of Mattice v Palmisano, 159 AD3d 1407, 1409 [4th Dept 2018], lv denied 31 NY3d 909 [2018]). In any event, we conclude that the father's contention lacks merit inasmuch as "[t]he record does not establish that the court was biased or prejudiced against [him]" (Mattice, 159 AD3d at 1409 [internal quotation marks omitted]).
With respect to the order in appeal No. 1, the father raises no issues in his brief other than the court's alleged bias, and we therefore deem any such issues abandoned (see Matter of Jones v Jamieson, 162 AD3d 1720, 1721 [4th Dept 2018]; Matter of Williams v Epps, 101 AD3d 1695, 1696 [4th Dept 2012]; see generally Ciesinski v Town of Aurora, 202 AD2d 984, 984 [4th Dept 1994]).
As a preliminary matter with respect to appeal Nos. 2 and 3, we note that the father failed to include the existing order in the record on appeal. " While omission from the record on appeal of the order sought to be modified ordinarily would result in dismissal of the appeal[s] . . . , there is no dispute' concerning the custody [and visitation] provisions contained in that order," and we may therefore reach the merits of the issues raised on these appeals (Matter of Gilman v Gilman, 128 AD3d 1387, 1387 [4th Dept 2015]; see Matter of Carey v Windover, 85 AD3d 1574, 1574 [4th Dept 2011], lv denied 17 NY3d 710 [2011]).
Addressing the father's contentions with respect to the order in appeal No. 3, we conclude [*2]that the mother met her burden of establishing a change in circumstances sufficient to warrant an inquiry into whether a modification of the custody and visitation arrangement is in the best interests of the child (see Matter of Greene v Kranock, 160 AD3d 1476, 1476 [4th Dept 2018]). Although the court did not make an express finding of a change in circumstances, "we have the authority to review the record to ascertain whether the requisite change in circumstances existed' " (Matter of Allen v Boswell, 149 AD3d 1528, 1528 [4th Dept 2017], lv denied 30 NY3d 902 [2017]). Here, the admissible evidence adduced at the fact-finding hearing, as well as the child's statements at the Lincoln hearing, established the requisite change in circumstances inasmuch as the father and the girlfriend exposed the child to inappropriate behavior, fighting, and verbal altercations in the father's household (see Matter of Holleran v Faucett, 143 AD3d 1205, 1206-1207 [3d Dept 2016]; Matter of Fountain v Fountain, 130 AD3d 1107, 1108 [3d Dept 2015]), and the girlfriend, who had a history of substance abuse, admitted to a caseworker a few weeks before the filing of the mother's modification petition that she had again been using drugs (see Matter of Creek v Dietz, 132 AD3d 1283, 1284 [4th Dept 2015], lv denied 26 NY3d 914 [2015]).
The father further contends that the court erred in determining that it is in the child's best interests to prohibit the girlfriend from having contact with the child. We reject that contention. "Family Court is afforded wide discretion in crafting an appropriate visitation schedule' . . . and has the power to impose restrictions on [a] child[ ]'s interactions with third parties during visitation if it is in the child[ ]'s best interests to do so' " (Matter of David J. v Leeann K., 140 AD3d 1209, 1212 [3d Dept 2016]; see Matter of Lynn X. v Donald X., 162 AD3d 1276, 1278 [3d Dept 2018]). Here, in addition to the conduct between the father and the girlfriend to which the child was exposed in the father's household and the girlfriend's drug use, the record also establishes that the girlfriend had a history of neglect and restricted visitation with respect to her own daughter, and the court properly determined that allowing the girlfriend to have contact with the child created an unnecessary risk to the child's health and well-being (see Lynn X., 162 AD3d at 1278). We thus conclude that "[the court's] determination that it [is] in the child's best interests to have no contact with the girlfriend ha[s] a sound and substantial basis in the record" (id.; see David J., 140 AD3d at 1212).
We also reject the father's contention that the court granted relief that was not requested by the mother. Here, the parties and the court expressed an understanding that the subject of the mother's modification petition was whether the girlfriend would be prohibited from having contact with the child, and the evidence presented at the fact-finding hearing was directed to that subject (see Matter of Heintz v Heintz, 28 AD3d 1154, 1155 [4th Dept 2006]). Thus, the record establishes that the father was "adequately apprised prior to the hearing that [the girlfriend's contact with the child] was at issue, and . . . had a sufficient opportunity to present any testimony and evidence relevant to th[at] issue" (id.; see Matter of Heasley v Morse, 144 AD3d 1405, 1406 n 1 [3d Dept 2016]; cf. Matter of Majuk v Carbone, 129 AD3d 1485, 1485-1486 [4th Dept 2015]).
Finally, contrary to the father's contention in appeal No. 2, we conclude that the court properly dismissed his modification petition, which he filed partway through the fact-finding hearing, without conducting an additional hearing (cf. S.L. v J.R., 27 NY3d 558, 563-564 [2016]; see generally Navarrete v Navarrete, 126 AD3d 801, 802 [2d Dept 2015]). The court "clearly articulate[d] which factors were . . . material to its determination, and the evidence supporting its decision" (S.L., 27 NY3d at 564; cf. Matter of King v King, 145 AD3d 1613, 1614 [4th Dept 2016]), and the evidence upon which the court relied, which included the testimony at the fact-finding hearing and the child's statements at the Lincoln hearing, established that granting the father custody would not be in the child's best interests (see generally Navarrete, 126 AD3d at 802).
Entered: June 14, 2019
Mark W. Bennett
Clerk of the Court