Matter of Hall v Velez (2022 NY Slip Op 02676)

Matter of Hall v Velez

2022 NY Slip Op 02676

Decided on April 22, 2022

Appellate Division, Fourth Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on April 22, 2022
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Fourth Judicial Department

PRESENT: SMITH, J.P., CENTRA, PERADOTTO, LINDLEY, AND WINSLOW, JJ.

249 CAF 20-01380

[*1]IN THE MATTER OF ADDY HALL, PETITIONER-APPELLANT,
v
JESUS VELEZ, RESPONDENT-RESPONDENT. 

ANDREW G. MORABITO, EAST ROCHESTER, FOR PETITIONER-APPELLANT.
TODD G. MONAHAN, LITTLE FALLS, FOR RESPONDENT-RESPONDENT. 
EDWARD J. MARTIN, LOCKPORT, ATTORNEY FOR THE CHILDREN. 

 Appeal from an order of the Family Court, Orleans County (Sanford A. Church, J.), entered September 28, 2020 in a proceeding pursuant to Family Court Act article 6. The order, inter alia, granted sole custody of the subject children to respondent. 
It is hereby ORDERED that the order so appealed from is unanimously affirmed without costs.
Memorandum: In this proceeding pursuant to Family Court Act article 6, petitioner mother appeals from an order that, among other things, modified a prior order of custody and visitation by prohibiting any contact between the parties' children and the mother's male friend. We affirm.
As a preliminary matter, we note that the mother failed to include the prior order in the record on appeal. Although " 'omission from the record on appeal of the order sought to be modified ordinarily would result in dismissal of the appeal . . . , there is no dispute' concerning the custody [and visitation] provisions contained in that order," and we may therefore reach the merits of the issue raised on this appeal (Matter of Gilman v Gilman, 128 AD3d 1387, 1387 [4th Dept 2015]; see Matter of Carey v Windover, 85 AD3d 1574, 1574 [4th Dept 2011], lv denied 17 NY3d 710 [2011]).
We reject the mother's contention that Family Court erred in determining that it is in the best interests of the subject children to prohibit her friend from having contact with them. "Family Court is 'afforded wide discretion in crafting an appropriate visitation schedule' . . . and 'has the power to impose restrictions on [the children's] interactions with third parties during visitation if it is in the child[ren]'s best interests to do so' " (Matter of David J. v Leeann K., 140 AD3d 1209, 1212 [3d Dept 2016]; see Matter of Chromczak v Salek, 173 AD3d 1750, 1751-1752 [4th Dept 2019]). Here, the evidence in the record establishes that the mother's friend engaged in acts of violence in the presence of the children, repeatedly used drugs with the mother and, along with the mother, frequently and flagrantly violated the court's temporary order that the children not be in his presence. Consequently, the court properly determined that allowing the mother's friend to have contact with the children created an unnecessary risk to their health and well-being (see Chromczak, 173 AD3d at 1752). We thus conclude that the court's determination that it is in the children's best interests to have no contact with the mother's friend has a sound and substantial basis in the record (see Matter of Tartaglia v Tartaglia, 188 AD3d 1754, 1755 [4th Dept 2020]; see generally Matter of Schram v Nine, 193 AD3d 1361, 1362 [4th Dept 2021], lv denied 37 NY3d 905 [2021]).
Entered: April 22, 2022
Ann Dillon Flynn
Clerk of the Court