Matter of Fanfarillo v Fanfarillo (2023 NY Slip Op 00758)

Matter of Fanfarillo v Fanfarillo

2023 NY Slip Op 00758

Decided on February 10, 2023

Appellate Division, Fourth Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on February 10, 2023
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Fourth Judicial Department

PRESENT: SMITH, J.P., LINDLEY, CURRAN, BANNISTER, AND MONTOUR, JJ.

32 CAF 21-01551

[*1]IN THE MATTER OF ANDREW J. FANFARILLO, PETITIONER-RESPONDENT,
v
DAWN A. FANFARILLO, RESPONDENT-APPELLANT. 

JOHN J. RASPANTE, UTICA, FOR RESPONDENT-APPELLANT. 
MICHAEL G. PUTTER, ROME, FOR PETITIONER-RESPONDENT.
STEPHANIE N. DAVIS, OSWEGO, ATTORNEY FOR THE CHILDREN. 

 Appeal from an order of the Family Court, Oneida County (Paul M. Deep, J.), entered June 17, 2021 in a proceeding pursuant to Family Court Act article 6. The order, inter alia, awarded primary physical custody of the subject children to petitioner. 
It is hereby ORDERED that the order so appealed from is unanimously affirmed without costs.
Memorandum: In this proceeding pursuant to Family Court Act article 6, respondent mother appeals from an order that, inter alia, modified a prior order entered on stipulation of the parties by awarding petitioner father primary physical custody of the children. Initially, we note that, contrary to the mother's contention, the gaps in the trial transcript resulting from inaudible parts of the audio recording "are not so significant as to preclude meaningful review of the order on appeal" (Matter of Van Court v Wadsworth, 122 AD3d 1339, 1340 [4th Dept 2014], lv denied 24 NY3d 916 [2015]; see Matter of Vaccaro v Vaccaro, 178 AD3d 1410, 1411 [4th Dept 2019]).
Contrary to the mother's contention, we conclude that the father established the requisite change in circumstances (see Matter of Rice v Wightman, 167 AD3d 1529, 1530 [4th Dept 2018], lv denied 33 NY3d 903 [2019]; Matter of DeJesus v Gonzalez, 136 AD3d 1358, 1359 [4th Dept 2016], lv denied 27 NY3d 906 [2016]). To the extent that the mother challenges the merits of Family Court's best interests determination, we conclude that the children's best interests are served by awarding primary physical custody to the father (see Matter of Miner v Torres,
179 AD3d 1490, 1492 [4th Dept 2020]).
Entered: February 10, 2023
Ann Dillon Flynn
Clerk of the Court